LEHAN, Judge.
Defendant appeals his convictions and sentences for kidnapping and sexual battery. We reverse.
Defendant’s contention on appeal is that the trial court erred in not permitting his presence during the exercise of peremptory challenges despite his requests to be present and his objections to being excluded.
Voir dire questioning of prospective jurors was conducted in open court in defendant’s presence. However, the trial judge, assistant state attorney, and defense counsel retired to another room, out of the jury’s presence, for the exercise of peremptory challenges. Defense counsel conveyed defendant’s request that defendant be present at that time. The judge, after ascertaining from defense counsel that defendant had been consulted concerning the subject of peremptory challenges, denied the request.
Rule 3.180(a)(4), Florida Rules of Criminal Procedure, provides that “[Djefendant shall be present ... during the ... challenging ... of the jury.” The state nonetheless argues that defendant was not entitled to be present at the “mechanical function” of exercising challenges and that that function is not a “critical stage of the proceedings,” citing Hall v. State, 420 So.2d 872 (Fla.1982). The state also argues that Francis v. State, 413 So.2d 1175 (Fla.1982), which found the exclusion of a defendant from the jury selection process to be reversible error, is distinguishable because in Francis defendant was not present during jury selection procedures conducted in the presence of the jury.
However, the exercise of challenges by a defendant is not necessarily a mere “mechanical function.” It may involve the formulation of on-the-spot strategy decisions which may be influenced by the actions of the state at the time. In Hall defendant was absent only from the roll call or general qualifications of the jurors. On the other hand, the exercise of peremptory challenges is “essential to the fairness of a trial by jury,” and we cannot approve the erroneous exclusion of defendant unless we are satisfied beyond a reasonable doubt that the error was harmless. Francis at 1178.
Our position is substantially the same as that of the Florida Supreme Court in Francis where it was said that “[W]e are unable to assess the extent of prejudice, if any, Francis sustained by not being present to consult with his counsel during the time his peremptory challenges were exercised. Accordingly, we conclude that his involuntary absence without waiver by consent or subsequent ratification was reversible error and that Francis is entitled to a new trial.” Id. at 1179.
The trial court’s offer, which was not accepted by defense counsel, to permit defendant’s presence under guard and in handcuffs during the exercise of challenges was not made until after defendant had already been excluded, over his objections, from a portion of the challenge procedures.
REVERSED AND REMANDED FOR A NEW TRIAL.
GRIMES, A.C.J., and SCHOONOVER, J., concur.