BOYD, Justice.
The petitioner Ellis was charged by information with the crime of attempted burglary. His motion to dismiss the information as legally insufficient was denied, and after a jury trial he was found guilty as charged. On appeal the district court of appeal affirmed but certified that its decision passed upon a question of great public importance, Ellis v. State, 425 So.2d 201 (Fla. 5th DCA 1983), thus giving us jurisdiction to consider Ellis’ petition for review. Art. V, § 3(b)(4), Fla. Const.
The information charging petitioner with attempted burglary alleged an overt act in furtherance of an attempted unlawful entry and alleged intent to commit an offense in the structure the accused was attempting to enter, but did not specify the offense the accused was alleged to have intended. The district court certified to us the following question:
In a prosecution for attempted burglary (§§ 777.04(1) and 810.02, Fla.Stat. (1981)), is it necessary for the State to allege, not only the specific offense which the accused intended and attempted to commit, such as burglary, but also to further allege all of the elements of such intended offense, such as, in burglary; the intent to commit some crime in the structure? If so, must the State then again go further and allege and prove the specific offense which the accused intended to commit by the burglary which he intended and attempted to commit?
Ellis v. State, 425 So.2d 201, 202-03, (Fla. 5th DCA 1983).
Our recent decision in State v. Waters, 436 So.2d 66 (Fla.1983), like the present case, arose from a prosecution for attempted burglary. That decision and State v. Rozier, 436 So.2d 73 (Fla.1983), provide the answers to the certified questions. An instrument charging burglary or attempted burglary must allege that the defendant’s unlawful actions (i.e., entering or remaining in a structure or conveyance, or attempting to enter or remain) were done with the intent to commit an offense in the structure or conveyance in question, but need not specify the offense so intended.
The decision of the district court of appeal is approved.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON, McDonald, EHRLICH and SHAW, JJ., concur.