459 So.2d 1145 (1984)
Jefferson LANE, Appellant,
v.
The STATE of Florida, Appellee.
No. 83-1414.
District Court of Appeal of Florida, Third District.
November 27, 1984.
Bennett H. Brummer, Public Defender, and Henry H. Harnage, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Renee E. Ruska, Asst. Atty. Gen., for appellee.
*1146 Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
HENDRY, Judge.
Jefferson Lane appeals from his conviction and sentence as a principal in two counts of armed robbery. For reasons more fully stated below, we reverse.
Appellant raises two issues on appeal, both of which have merit. First, he argues that he was wrongfully excluded from the peremptory challenges portion of the jury selection process. Appellant was present during the voir dire but, due to the small size of the courtroom, the peremptory challenges were held in a hallway outside the courtroom in order to prevent the venire from overhearing the challenging. Appellant asked to be present but the corrections officer in charge of security for the courtroom refused because he did not have sufficient personnel to guard appellant. Appellant's objection to this exclusion was overruled.
It is well settled that the challenging of jurors is one of the essential stages of a criminal trial where a defendant's presence is required. Herzog v. State, 439 So.2d 1372 (Fla. 1983); Francis v. State, 413 So.2d 1175 (Fla. 1982); Walker v. State, 438 So.2d 969 (Fla. 2d DCA 1983); Rule 3.180(a)(4), Florida Rules of Criminal Procedure. Thus, appellant's exclusion violated his constitutional right to be present at a stage where fundamental fairness might be thwarted by his absence. Francis v. State, 413 So.2d at 1177. Since there is nothing in the record to suggest that appellant waived this right, and since the other evidence presented was not so overwhelming, we cannot say that the constitutional error was harmless. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981).
Appellant also argues that the trial court erred in denying his motion for a mistrial after the prosecutor repeatedly made improper comments on appellant's failure to call alibi witnesses when there was no alibi defense presented. Because the whole issue of alibi was raised by the state, we find that the prosecutor's "straw man" argument and actual use of the word "alibi" may have led the jury to believe that appellant had the burden of proving his innocence, Bayshore v. State, 437 So.2d 198 (Fla. 3d DCA 1983); Dixon v. State, 430 So.2d 949 (Fla. 3d DCA), pet. for rev. denied, 440 So.2d 353 (Fla. 1983); Kindell v. State, 413 So.2d 1283 (Fla. 3d DCA 1982), and was, therefore, prejudicial error.
Reversed and remanded for a new trial.