MILLS, Judge.
Salcedo appeals from a conviction for trespassing in a structure. He alleges that the trial court erred in denying his motion for a new trial in which he averred that he was not present at the beginning of the trial during the challenging of the jury, in violation of Rule 3.180(a)(4), Fla.R.Crim.P. We reverse and remand for further proceedings.
The trial court denied Salcedo’s motion on the ground that his counsel failed to object to his absence at the time the peremptory challenges were being exercised. While it is the general rule that a point argued on appeal must be preserved by appropriate objection at trial, it is well settled that fundamental error can be considered on appeal without objection in the lower court. Sanford v. Rubin, 237 So.2d 134, 137 (Fla.1970); Cato v. West Florida Hospital, Inc., 471 So.2d 598 (Fla. 1st DCA 1985). We see no reason why this principle should not govern motions for new trial as well as direct appeals and hold that, if the error alleged by a criminal defendant in a motion for new trial is fundamental, any failure to object with regard to that error does not require that the motion be denied.
The United States Constitution guarantees a criminal defendant the right to be present during crucial stages of his trial or at the stages of his trial where fundamental fairness might be thwarted by his absence. Smith v. State, 453 So.2d 505, 506 (Fla. 4th DCA 1984), p.f.r.d. 462 So.2d 1107 (Fla.1985), citing Francis v. State, 413 So.2d 1175, 1177 (Fla.1982).
The challenge of jurors is one of the essential stages of a criminal trial where the defendant’s presence is required. Lane v. State, 459 So.2d 1145, 1146 (Fla. 3d DCA 1984). It is not a mere “mechanical function” but may involve the formulation of on-the-spot strategy decisions which may be influenced by the acts of the state at the time. The exercise of peremptory challenges is essential to the fairness of a trial by jury. Walker v. State, 438 So.2d 969, 970 (Fla. 2d DCA 1983) citing Francis at 1179. Based on these authorities, we find that Salcedo’s motion for new trial alleged fundamental error which no objection was necessary to preserve.
The order appealed from is reversed and the case remanded for consideration of Sal-cedo’s motion for new trial on the merits, including the specific issue of whether or not Salcedo waived his presence at the peremptory challenges, either by consent or by subsequent ratification of the action taken in his absence. See Walker, supra; Peede v. State, 474 So.2d 808, 813 (Fla.1985). While no transcript of the voir dire proceedings was made, Rule 3.600(c), Fla.R. Crim.P., provides that “[wjhen a motion for new trial calls for a decision on any question of fact, the court may consider evidence on such motion by affidavit or otherwise.” Therefore, on remand, the trial court can take evidence in such form as it deems necessary to the determination of Salcedo’s motion for new trial.
Reversed and remanded.
WENTWORTH, J., concurs.
BOOTH, C.J., dissents without written opinion.