517 So.2d 696 (1987)
Joe Nathan CAMPBELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-897.
District Court of Appeal of Florida, Second District.
November 6, 1987.
Motion for Clarification Granted and Opinion Corrected December 30, 1987.
*697 James Marion Moorman, Public Defender, and A.N. Radabaugh, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Tampa, for appellee.
THREADGILL, Judge.
Joe Nathan Campbell appeals his convictions and sentences for delivery, possession, and trafficking in heroin. He argues that the imposition of separate convictions and sentences violates the constitutional prohibition against double jeopardy. We agree and reverse.
Campbell was charged with delivery of heroin, possession of heroin, and trafficking in heroin in violation of sections 893.13(1)(a)(1), 893.13(1)(e) and 893.135(1)(c)(1), Florida Statutes (1985). The jury found him guilty as charged and he was sentenced to concurrent terms of seven years on the delivery and trafficking charges, and five years on the possession charge. The judgment included imposition of court costs pursuant to sections 960.20 and 943.25(4), Florida Statutes (1985). The court also imposed the mandatory three-year minimum prison term and $50,000 fine for trafficking as required by section 893.135, Florida Statutes (1983).
The case stems from a 1984 incident in south St. Petersburg. A police detective observed Campbell take money from a confidential informant and give the informant a packet of what later proved to be heroin, which Campbell pulled from a brown paper bag. Another detective waiting nearby was alerted and moved in to arrest Campbell, confiscating the paper bag which contained sufficient amounts of heroin to sustain the trafficking charge.
The Florida Supreme Court has recently addressed the issue of multiple convictions and sentences for trafficking, sale and possession of illegal drugs. In Carawan v. State, 515 So.2d 161 (Fla. 1987), the court specifically receded from its decision in Rotenberry v. State, 468 So.2d 971 (Fla. 1985) on which the state relies. As here, the defendant in Rotenberry was convicted of trafficking, sale and possession of drugs arising from a single transaction. While acknowledging that possession of contraband is undoubtedly different than sale of contraband, the court held in Carawan that a defendant cannot be simultaneously convicted of sale and possession, in addition to trafficking, because trafficking necessarily encompasses either or both of the other evils. Therefore, in accord with Carawan, we set aside the convictions and sentences and remand for resentencing.
The written judgments and sentences reflect that court costs in the amount of $20.00 and $2.50 were assessed against Campbell. The record does not reflect that the judge imposed these costs at sentencing, nor that Campbell was given *698 notice as required by Jenkins v. State, 444 So.2d 947 (Fla. 1984). See also Thompson v. State, 508 So.2d 38 (Fla. 2d DCA 1987); Burrow v. State, 487 So.2d 77 (Fla. 2d DCA 1986). We therefore strike the costs without prejudice to the state in accordance with Jenkins.
We have considered Campbell's remaining argument that imposition of the $50,000 mandatory fine pursuant to section 893.135(1)(c)1 is unconstitutional, and find it to be without merit.
Reversed and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.