533 So.2d 311 (1988)
Oretelio DeJesus FUENTES, Appellant,
v.
STATE of Florida, Appellee.
No. 87-2071.
District Court of Appeal of Florida, Second District.
November 9, 1988.
R.E. Fernandez of Fernandez and Muller, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol M. Dittmar, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant was convicted and sentenced for trafficking in cocaine, delivery of cocaine, possession of cocaine and conspiracy to traffic in cocaine. He appeals only from the trafficking, delivery and possession convictions and sentences on double jeopardy grounds. We reverse.
Appellant and three other individuals were arrested while in the act of selling a half pound of cocaine to undercover detectives of the Tampa Police Department. Appellant had transported the contraband from Miami and an undercover detective observed him driving by the house where the drugs were being sold asking one of his confederates if the deal had gone through yet. The four arrestees were named in each of the four counts of the information filed by appellee. Appellant was adjudicated guilty as charged.
The trial court, prior to the Florida Supreme Court's decision in Carawan v. State, 515 So.2d 161 (Fla. 1987), sentenced appellant to concurrent terms of nine years' imprisonment for the trafficking, delivery and conspiracy to traffic charges and five years for the possession charge. The sentences were to be suspended after five years and followed by two years of community control and two years of probation. The court also imposed the mandatory minimum *312 term of five years and an accompanying fine of $100,000.00 for trafficking and conspiracy to traffic. The trial court entered an order of mitigating circumstances departing downward from the recommended sentencing guidelines. The order cited appellant's distinguished military service, his lack of a criminal record and strong support from his relatives and friends as factors justifying the downward departure.
It is now well established that a defendant may not be convicted of both delivery and possession of cocaine predicated on a single underlying act. See Gordon v. State, 528 So.2d 910 (Fla.2nd DCA 1988). It is also a double jeopardy violation to convict a defendant of trafficking, delivery and possession arising from a single act. Campbell v. State, 517 So.2d 696 (Fla.2nd DCA 1987). Gordon and Campbell were decided by this court under the authority of Carawan, in which the Florida Supreme Court set forth the method of analyzing multiple convictions to determine whether a double jeopardy violation has occurred.
Without reiterating the Carawan analysis, which has been so often repeated in recent case law, we find that appellant's convictions and sentences for trafficking, delivery and possession constitute multiple punishment for the same act. We must therefore reverse and remand to the trial court with directions to vacate all but one of the three convictions for trafficking, delivery and possession and recalculate the sentence for the remaining conviction.
REVERSED AND REMANDED.
SCHEB, A.C.J., and PARKER, J., concur.