565 So.2d 876 (1990)
Ronald Tyrone GELSEY, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1350.
District Court of Appeal of Florida, Fifth District.
August 16, 1990.
*877 James B. Gibson, Public Defender, and Michele A. Lucas, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Rebecca R. Wall, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Ronald Tyrone Gelsey appeals his judgment and sentence for delivery of a controlled substance, trafficking and conspiracy to traffic. He claims that the court erred in continuing his trial in his absence, in denying his motion for judgment of acquittal on the charge of delivery of a controlled substance, and in calculating his scoresheet total.
After reviewing the record, we find no reversible error and affirm.

ABSENCE FROM COURT
After attending the evidentiary portion of his trial, Gelsey failed to appear on the third day of trial when closing arguments were scheduled.
The record reflects that Gelsey called his attorney at 8:45 a.m. (trial was to commence at 9:00 a.m.) and stated that his grandfather's car had been stolen. He was advised to find other transportation and to come to court. Gelsey indicated that he would. The court delayed the proceedings until 12:15 p.m. to allow Gelsey to get to court and then reconvened without him, finding specifically that Gelsey had "willfully failed to come back for his trial."
Gelsey finally reappeared at 1:17 p.m. during the courts' instructions to the jury. His explanation for the delay was that his brother had taken his grandfather's car and that "I wanted to bring you proof that the car had got stolen..."
Rule 3.180(a)(5), Florida Rules of Criminal Procedure, requires that the defendant must be present at all proceedings before the court when the jury is present. The exception to this rule is found in subsection (b) which states:
If the defendant is present at the beginning of the trial and shall thereafter, during the progress of said trial or before the verdict of the jury shall have been returned into court, voluntarily absent himself from the presence of the court without leave of the court, or is removed from the presence of the court because of his disruptive conduct during the trial, the trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of said case to the jury for verdict, and the return of the verdict thereon shall proceed *878 in all respects as though the defendant were present in court at all times. (Emphasis added).
A defendant has a constitutional right to be present at all stages of his trial where fundamental fairness might be thwarted by his absence. Francis v. State, 413 So.2d 1175 (Fla. 1982); Snyder v. Massachusetts, 291 U.S. 97, 54 S.Ct. 330, 78 L.Ed. 674 (1934). In noncapital cases where a defendant voluntarily absents himself during trial, however, his absence will not be permitted to disrupt the trial. See State v. Melendez, 244 So.2d 137 (Fla. 1971). In noncapital cases where a defendant absences himself after trial has begun in his presence, this will not nullify what has been done, nor will it prevent the completion of the trial. Diaz v. United States, 223 U.S. 442, 32 S.Ct. 250, 56 L.Ed. 500 (1912). Although a felony sentence may not be imposed in the absence of the defendant, Rule 3.180(b) is specific as to a defendant who absences himself without leave of the court. Quarterman v. State, 506 So.2d 50 (Fla. 2nd DCA 1987), approved, 527 So.2d 1380 (Fla. 1988); Wagner v. State, 519 So.2d 751 (Fla. 4th DCA 1988); Meek v. State, 487 So.2d 1058 (Fla. 1986).
The record supports the trial judge's finding that Gelsey was voluntarily absent from closing arguments and jury instructions, since he was absent without leave of the court. He was present, however, at the opening of the trial, during the evidentiary phase of the trial, during jury deliberations, and at the time judgment was pronounced. The record does not reflect that any improper comments were made during closing as to Gelsey's absence or that he was in any way prejudiced by the continuation of the trial in his absence.
Gelsey's delay in waiting for the filing of the stolen car report and to obtain a statement from the investigating officer, even after being directed by his attorney to immediately come to court, supports the court's finding that Gelsey willfully absented himself from court.

DENIAL OF JUDGMENT OF ACQUITTAL
Gelsey agreed to purchase 8 ounces of powder cocaine from undercover officers in exchange for one ounce of "crack" cocaine plus $500 cash and his car as collateral. Subsequently Gelsey met with the officers and exchanged his "crack" and cash for the powder cocaine. Once the exchange was completed, Gelsey was arrested.
Gelsey contends that since the offense of delivery is subsumed in the trafficking charge, to also convict him of delivery constitutes double jeopardy. He cites Fuentes v. State, 533 So.2d 311 (Fla. 2nd DCA 1988), for the proposition that one may not be convicted of both trafficking and delivery in a single transaction. The facts of this case make Fuentes inapplicable. While it is true Gelsey could not be convicted of both delivering and trafficking for the 8 ounces of powder cocaine, the one ounce of "crack" cocaine used as legal tender in the transaction is an entirely different matter. The exchange of "crack" was neither charged in the information as part of the trafficking count nor is it an element of the trafficking offense. The "crack" was not subsumed in the trafficking charge and, while a part of the overall transaction, was a separate and distinct delivery offense.

SCORESHEET TOTAL
We find that the trial court erred in including points for legal constraint because there was insufficient evidence to show that Gelsey was on probation at the time of the offense. However, this error is harmless since the corrected scoresheet will not change the sentence. While it is unnecessary to reverse or remand for new sentencing, the matter is remanded for the purpose of correcting the score sheet. In all other respects, the cause is
AFFIRMED.
PETERSON, J., and McNEAL, R.T., Associate Judge, concur.