570 So.2d 1133 (1990)
Frederick WESTLUND, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1458.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
*1134 Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Frederick Westlund appeals his convictions for attempted burglary and resisting arrest with violence. Appellant argues that the trial court erred: when it failed to properly instruct the jury that voluntary intoxication constituted a defense to attempted burglary; when it reinstructed the jury without seeking prior input from either the defense counsel or the prosecutor; and when it overruled defense counsel's objection to appellant's knife being offered into evidence. We reverse.
The record reflects that appellant consumed at least seven or eight margaritas on the night in question. He then broke into an apartment he thought belonged to a friend. Once inside, he allegedly took two packs of Marlboro cigarettes, a wine cooler and several pieces of candy. The resident of the apartment awoke, saw appellant, and commanded her dogs to chase appellant from the premises. Soon after, police officers arrested appellant and discovered a pack of Marlboro cigarettes and a buck knife on his person.
Appellant conceded that he had broken into the apartment, but relied upon the defense of voluntary intoxication. At the close of evidence the trial court instructed the jury on the offense of burglary and the lesser included offenses of attempted burglary and trespass of an occupied dwelling. The court also instructed the jury on the defense of voluntary intoxication, but erroneously limited its application to burglary by saying that "[t]here is not a defense to a lesser crime." It is well settled that voluntary intoxication constitutes a valid defense to the specific intent crime of attempted burglary. See Ellis v. State, 425 So.2d 201 (Fla. 5th DCA), approved, 442 So.2d 213 (1983); Groneau v. State, 201 So.2d 599 (Fla. 4th DCA), cert. denied, 207 So.2d 452 (1967). The trial court's failure to properly instruct the jury on the defense of voluntary intoxication requires a reversal of appellant's convictions.
Appellant's other points require brief mention. During deliberations, the jury submitted a question to the court seeking additional instructions. In response, the trial court, in the presence of the appellant, his defense counsel and the prosecutor, recalled the jury and gave a reinstruction without first conferring with the parties. The record shows that all necessary parties were present pursuant to Fla.R. Crim.P. 3.410. We find no merit in appellant's contention that the trial court failed to afford the parties an opportunity to offer argument on the requested reinstruction since the defense counsel failed to *1135 object to either the reinstruction or the procedure employed by the court.
Finally, we hold that the trial court erred in admitting the appellant's buck knife into evidence over relevancy objections. The record reveals no connection between the knife and the crimes charged. We note, however, that under the facts of this case, such error, standing alone, would be insufficient to warrant reversal.
REVERSED AND REMANDED FOR A NEW TRIAL.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.