575 So.2d 1370 (1991)
Eddie B. ALEXANDER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1237.
District Court of Appeal of Florida, Fourth District.
March 13, 1991.
Richard L. Jorandby, Public Defender, and Susan D. Cline, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lynn G. Waxman, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, Eddie Alexander, appeals from a judgment of conviction and sentence of three and one-half years in the Department of Corrections.
Five appellate points have been presented, all dealing with alleged errors occurring during the trial. We have carefully considered all of said points and find reversible error demonstrated in only one, having to do with communication between the court and jury without counsel being present and afforded an opportunity to present argument and objections.
It appears from this record that the jury returned to the courtroom during its deliberations and presented a written question to the court: "May we have the police reports admitted as evidence for further review?" The trial judge held a short colloquy[1] *1371 with the jury in which he told them the reports were inadmissible and that they were to decide the case based upon the evidence they had. As he put it: "You've got to play with the deck you have been dealt." Appellant contends in his brief that counsel was not present when this occurred and thus had no opportunity to participate in the ruling or make any record of their objection as required by Florida Rule of Criminal Procedure 3.410.
Appellee contends in its brief that the colloquy took place in the presence of counsel. Oddly enough, neither party cites to any part of the record for its statement and we have found none. Furthermore, we relinquished jurisdiction to fill in the gaps in the transcript which might show that counsel was present. As one might surmise, neither the trial judge nor counsel, with the multitude of work they are involved in, could remember the situation vividly enough to state the fact of what had transpired. Nevertheless, we note that the record contains a progress report or "blue card," which states what transpired in the courtroom and concludes with the stamped statement, "There being no objection to the instructions given by the court, court recessed at 10:15 A.M. pending the call of the jury." Appellee argued that this cryptic note means counsel was present and failed to make any objection.
The Supreme Court of Florida in Ivory[2] and Williams[3] held that a trial judge may not respond to a jury's request for additional instructions without both counsel being present and having an opportunity to participate in the action to be taken by the court. Violation of that rule is per se reversible error.
We hold that it is the burden of the court, or the state, to make the record show that all requirements of due process, including the opportunity to be heard on the instruction to be given, have been met. This "blue card" statement will not suffice to meet that important responsibility.
Westlund v. State, 570 So.2d 1133 (Fla. 4th DCA 1990), is not controlling here because, in Westlund, the record shows counsel was present and simply failed to object to the court's action.
Accordingly, the judgment of conviction and sentence appealed from are reversed and the cause is remanded for a new trial.
REVERSED and REMANDED.
GUNTHER and WARNER, JJ., concur.
NOTES
[1] COURT: The question is: You have the police reports. I know some references were made to police reports during the course of the trial. Nobody really understands the law of hearsay. But I understand it well enough to tell you that the police reports are inadmissible as hearsay.
It's like playing the hand of poker. You've got to play the deck you have been dealt.
Decide the case, based on the evidence that is before you and nothing else.
The police reports are not in evidence. Okay?
[2] Ivory v. State, 351 So.2d 26 (Fla. 1977).
[3] Williams v. State, 488 So.2d 62 (Fla. 1986).