683 So.2d 582 (1996)
Rickie Renoried MATHIS, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2464.
District Court of Appeal of Florida, First District.
November 13, 1996.
Rehearing Denied December 27, 1996.
*583 Nancy A. Daniels, Public Defender; Raymond Dix, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Vincent Altieri, Assistant Attorney General, Tallahassee, for Appellee.

EN BANC
WEBSTER, Judge.
In this direct criminal appeal, we affirm appellant's conviction and sentence. Only one issue merits discussion.
Appellant asserts that he is entitled to a new trial because, although present in the courtroom during jury selection, he was not physically present at a bench conference during which jury challenges were exercised. However, appellant's trial took place before release of the opinion in Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995). Accordingly, Coney is inapplicable. Lett v. State, 668 So.2d 1094 (Fla. 1st DCA), review granted, 677 So.2d 840 (Fla.1996). Pursuant to the rule which preceded that announced in Coney, appellant's rights were not violated. Francis v. State, 413 So.2d 1175 (Fla.1982). Moreover, the burden is on appellant to establish the existence of reversible error. E.g., Moore v. State, 504 So.2d 1311 (Fla. 1st DCA) (claim that reversible error occurred because defense counsel was not present when trial court responded to jury question supported by nothing more than speculation where record was silent on issue), review denied, 513 So.2d 1062 (Fla.1987). We have been unable to find anything in the record to support appellant's contention that he was not present at the bench conference during which challenges were exercised. Accordingly, on this record, even if Coney were applicable, appellant would not be entitled to relief.
AFFIRMED.
MINER, ALLEN, MICKLE and LAWRENCE, JJ., concur.