685 So.2d 87 (1996)
James MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2276.
District Court of Appeal of Florida, First District.
December 30, 1996.
Steven L. Seliger of Garcia and Seliger, Quincy, for Appellant.
Robert A. Butterworth, Attorney General, Trisha E. Meggs, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Although appellant raises two issues in this direct criminal appeal, only one merits discussion. Relying on Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), appellant asserts that he is entitled to a new trial because, although present in the courtroom during jury selection, he was not physically present at a bench conference during which jury challenges were exercised. However, the relevant portion of the record in this case is substantively identical to that in Mathis v. State, 683 So.2d 582 (Fla. 1st DCA 1996) (Criminal Division en banc). Accordingly, as in Mathis, we hold that appellant has failed to carry his burden to establish the existence of reversible error by demonstrating, from the record, that he was not present at the bench conference during which challenges were exercised. Therefore, we affirm.
AFFIRMED.
MINER, WEBSTER and MICKLE, JJ., concur.