687 So.2d 908 (1997)
Gary Lavitor MATTHEWS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-1582.
District Court of Appeal of Florida, Fourth District.
January 29, 1997.
Rehearing and Certification of Question Denied March 6, 1997.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joan L. Greenberg, Assistant Attorney General, West Palm Beach, for appellee.
GUNTHER, Chief Judge.
Appellant, Gary Matthews, defendant below, (Matthews), appeals his convictions and *909 sentence for sexual battery and false imprisonment. Because Matthews was not present at two bench conferences during voir dire, we reverse.
Matthews was charged by information with sexual battery and false imprisonment. He allegedly dragged the victim out of a bar to his automobile, drove around with her, and attempted to forcibly have intercourse with the victim. Matthews pled not guilty and the cause proceeded to a jury trial.
During voir dire, a prospective juror indicated that she could not be fair and asked to privately speak with the trial court. As a result, the trial court summoned her and the attorneys to the bench, where she indicated that she had been sexually assaulted as a child. She was excused for cause without objection. A second juror then approached the bench and admitted she had also been previously attacked. After questioning by the trial court, the second juror agreed to sit through counsels' questioning. Subsequently, at the close of voir dire, the attorneys again approached the bench to exercise their jury challenges. Ultimately, the jury returned a verdict finding Matthews guilty as charged on both counts.
A defendant has a constitutional right to be present at all stages of a trial where fundamental fairness might be thwarted by his or her absence. Francis v. State, 413 So.2d 1175 (Fla.1982); Gelsey v. State, 565 So.2d 876 (Fla. 5th DCA 1990). The examination and challenge of potential jurors is one of the essential stages of a criminal trial where a defendant's presence is mandated. Francis, 413 So.2d at 1177; Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984); Walker v. State, 438 So.2d 969 (Fla. 2d DCA 1983). The exercise of jury challenges by a defendant is not necessarily a mere mechanical function. Walker, 438 So.2d at 970. It may involve the formulation of on-the-spot strategy decisions which may be influenced by the actions of the state at the time. Id.
Florida Rule of Criminal Procedure 3.180 provides that in all prosecutions for crime, the defendant shall be present at the beginning of trial during the examination, challenging, impanelling and swearing of the jury. Fla. R.Crim. P. 3.180(a)(4).[1] Prior to 1995, the courts had interpreted this rule to merely require the defendant's presence in the same room while jury challenges were made at the trial bench. See, e.g., Lewis v. State, 566 So.2d 270 (Fla. 2d DCA 1990), rev. denied, 581 So.2d 165 (Fla.1991); Willis v. State, 523 So.2d 1283 (Fla. 4th DCA 1988).
Early in 1995, the supreme court clarified the scope of rule 3.180(a)(4). In Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), the supreme court concluded that rule 3.180 meant just what it said: "The defendant has a right to be physically present at the immediate site where pretrial juror challenges are exercised." The Coney court then delineated the procedure to be utilized where a defendant's presence is impractical:
Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made.
Id. (citations omitted). Nevertheless in Coney, because no jurors were excused peremptorily, and because the side bar conference there involved purely legal issues, the supreme court found any error in the defendant's exclusion harmless. Id.; see Hardwick v. Dugger, 648 So.2d 100, 105 (Fla. 1994)(a defendant has no constitutional right to be present at the bench during conferences that involve purely legal matters).
*910 The first bench conference challenged by Matthews occurred when the two prospective jurors approached to talk to the court in private.[2] One was excused for cause; the other was questioned at the bench by the trial court. In addition to the challenging of the venire, rule 3.180(a)(4) requires a defendant's presence during the examination of the venire members. Logic mandates that for a defendant to intelligently participate in jury challenges, the defendant must be present for the questioning of the jurors. At no time did the trial court, through appropriate inquiry, certify that Matthews waived his presence during this conference. Thus the bench conference violated the dictates of Coney.
The second bench conference challenged by Matthews falls squarely within the ambit of the Coney holding. During the second bench conference, Matthews' attorney and the prosecutor utilized their peremptory challenges to ultimately select an acceptable jury. The trial court below never certified that Matthews knowingly waived his right afforded by rule 3.180. Additionally, the trial court failed to certify Matthews' approval of the strikes by inquiring whether he acquiesced after they were made. Thus, the procedure used in the instant case for peremptory challenges violated rule 3.180 and the supreme court's holding in Coney.
The exercise of peremptory challenges has been held to be essential to the fairness of a trial by jury and has been described as one of the most important rights secured to a defendant. Francis, 413 So.2d at 1178-79. It is often exercised on the basis of sudden impressions and unaccountable prejudices based only on the bare looks and gestures of another or upon a juror's habits and associations. Id. at 1179.
In the instant case, we are unable to say that the jury selection process utilized was harmless beyond a reasonable doubt. See State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Hence, Matthews' right to be present at all critical stages of his trial was violated and his convictions must be reversed.
Our resolution of this issue renders it unnecessary to address Matthews' remaining issues. The case is reversed and remanded for a new trial.
REVERSED AND REMANDED.
STONE and PARIENTE, JJ., concur.
NOTES
[1] Since the appeal of this case, rule 3.180 has been amended to define presence as being "physically in attendance for the courtroom proceeding, and [having] a meaningful opportunity to be heard through counsel on the issues being discussed." Amendments to the Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 & n. 2 (Fla. 1996)(also noting that this amendment supersedes Coney). The Florida Supreme Court has recognized that this amendment "will provide a clearer standard by which to resolve such issues in the future." Boyett v. State, 21 Fla. L. Weekly S535, S536 n. 1, ___ So.2d ___, ___ n. 1 (Fla. Dec. 5, 1996).
[2] The State argues that the record is unclear whether Matthews was actually present at the bench during the conferences in question. The burden is upon the trial court or the State to make the record show that all requirements of due process have been met. Alexander v. State, 575 So.2d 1370 (Fla. 4th DCA 1991).