691 So.2d 1133 (1997)
Wendall GONEY, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 96-1004.
District Court of Appeal of Florida, Fifth District.
April 11, 1997.
*1134 James T. Reich, Ocala, for Appellant.
Robert A. Butterworth, Attorney General, and Robin A. Compton, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
Goney appeals from his criminal convictions for three counts of aggravated battery and one count of battery.[1] He raises four issues on appeal, only one of which we consider to have merit. He argues that pursuant to Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), since he was not physically present at two bench conferences during voir dire and the selection of his jury, he is entitled to a new trial. We disagree in this case and affirm.
The record shows that Goney was represented by defense counsel at his trial. He and his attorney were present in the courtroom at all times during voir dire and jury selection. Goney remained at the defense counsel's table during these proceedings. But he had been equipped with headphones, so that he could hear everything that was said during the bench conference. The trial judge explained to the venire and to Goney that Goney was entitled to hear all that was said at each bench conference, and if he wanted to confer with his attorney, all he needed to do was raise his hand.
Two bench conferences were held. During the first, a juror responding to a question about experiencing abuse, raised her hand. She asked to answer in private, at a bench conference. She told the court she had been the aggressor in a domestic violence incident involving her boyfriend. She had been charged, but the case was later dropped. She also said she had conferred with Mr. Aulls, Goney's defense counsel. Although she was not challenged for cause, later the state exercised a peremptory against her.
At the second bench conference, the state and defense counsel exercised peremptory challenges. Both had additional strikes available when they accepted the jury. Just before finally accepting the jury, defense counsel asked to check with Goney. When he returned he said: "We're okay."
Just after the opening statements at trial, and not in the presence of the jury, the court asked Goney whether or not he approved the jury. The trial judge said:
I know that Mr. Aulls had a chance to talk with you about the jury during the selection process, and one of the things just for the record I want to confirm is that you did have a chance to talk with Mr. Aulls and you were satisfied with the jury that was selected today?
GONEY: Yes, Sir.
The court also asked if there was anything about that process with which Goney was dissatisfied. Goney replied: "The fact that they're black and there was one black man on the property." The victims of the batteries were white women: Goney's girlfriend and her daughters. The court replied: "Okay, other than that?" Goney answered "no."
This trial took place during March of 1996. It was within the "window" period of the Coney decision issued in January of 1995, which had been given prospective application only,[2] and the supreme court's clarification of Florida Rule of Criminal Procedure 3.180, which is intended to provide a "clearer standard" to determine what the rule means by a criminal defendant's "presence." Boyett v. *1135 State, 688 So.2d 308, 310, n.1 (Fla.1996). That amended rule[3] would provide us with a valid basis to affirm this case, except that it may not be retroactively applied. See Matthews v. State, 687 So.2d 908 (Fla. 4th DCA 1997).
We thus must determine whether Goney was "present" for his jury's voir dire and exercise of peremptory challenges, within the meaning articulated by Coney, or whether some exception approved by Coney is applicable.
In Coney, the court held that the error of not having Coney present at the bench conference, although he was present in the courtroom, was harmless because at the bench conferences, the lawyers and judges discussed legal issues, concerning which Coney would have had no input, and no peremptory challenges were made. In this case, the potential juror who had committed a domestic violence battery was eventually peremptorily struck by the prosecution so Goney's lack of physical presence at the bench conference when she was interviewed was immaterial. However, he also was not physically present at the bench conference when both sides exercised their peremptory challenges. This falls squarely within the ambit of Coney. Matthews v. State, 687 So.2d 908 (Fla. 4th DCA 1997).
Coney also stated that a defendant could forfeit his right to be physically present at a bench conference during this critical stage of the trial, if he waived that right. In such a case, the trial court, through proper inquiry, must establish that the waiver was knowing, intelligent and voluntary. That admittedly did not happen in this case.
Coney further stated that the defendant's right to be physically present at the bench conference where juror challenges are exercised can also be satisfied if the defendant ratifies the strikes made outside his presence by acquiescing in the strikes after they are made. The court cited to State v. Melendez, 244 So.2d 137 (Fla.1971). In this case, as noted above, after both sides had exercised some, but not all, of their allotted peremptory challenges, and defense counsel was asked if he accepted the jury, he said: "Let me check with my client." He apparently spoke with Goney and then replied: "We're okay."
Further, before the trial began, the judge stated to Goney that he knew defense counsel had a chance to talk with him about the jury during the selection process. He asked him "for the record" whether he did talk with his counsel and whether he was satisfied with the jury that was selected. Goney replied "yes, sir." He added that his only dissatisfaction was having blacks on the jury, but clearly that is not a valid ground to exercise peremptory challenges.[4] Recognizing that, the court further inquired if there were any reasons other than racial ones, and Goney replied "no."
These facts establish a ratification of the jury in this case, distinguishing it from Coney, where nothing comparable took place. In the Melendez case, a criminal defendant failed to appear for the jury selection process, due to lack of notice. However, his counsel was present and waived objection to his absence. The defendant later appeared and freely and willingly, knowingly and with understanding, waived objection to and ratified the actions taken by his counsel. The court in Melendez held the conviction, which had been obtained below, was valid. In this case, the trial judge's inquires of Goney, Goney's verbal acceptance of the jury after peremptories were exercised but when other strikes could have been made, and the trial court's later certification on the record of these events, satisfied the Melendez ratification or acquiescence exception to Coney. These circumstances could also be viewed as constituting harmless error. See Golden v. State, 688 So.2d 419 (Fla. 1st DCA 1997).
*1136 Finally, it could also be premised that Goney was in fact "present" at the bench conferences in a meaningful and realistic way, because Goney was at all times physically present in the courtroom during the jury selection and the voir dire process and not only could see what was going on, but could also hear all that was being said, not only in the courtroom, but at the bench conferences because of having headphones connecting him to the bench. In Coney, there were no high-tech headphones used to connect Coney to the bench conference. Coney could not hear what his attorney, the prosecutor and the judge were saying at the bench when peremptory strikes were being made. He was as "out of the loop" in that regard as was the defendant in Lane v. State, 459 So.2d 1145 (Fla. 3d DCA 1984), where the peremptory strikes were exercised in the hallway outside the courtroom, and the defendant in Francis v. State, 413 So.2d 1175 (Fla.1982), where peremptory challenges were exercised in a jury room, and in both cases the defendants were left in the courtroom. Goney was also instructed by the trial judge that he could interrupt the bench conference at any time, and confer with his defense counsel. That is all he could have asked for, had he been standing beside his attorney at the bench.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.
NOTES
[1] § 784.045, § 784.03, Fla. Stat. (1995).
[2] Boyett v. State, 688 So.2d 308 (Fla. 1996).
[3] Florida Rule of Criminal Procedure 3.180(b):

A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.
[4] State v. Holiday, 682 So.2d 1092 (Fla.1996); Melbourne v. State, 679 So.2d 759 (Fla.1996); State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); State v. Neil, 457 So.2d 481 (Fla.1984); Suggs v. State, 624 So.2d 833 (Fla. 5th DCA 1993).