691 So.2d 1139 (1997)
Adrian DANIELS, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3621.
District Court of Appeal of Florida, First District.
April 14, 1997.
*1140 Nancy A. Daniels, Public Defender; Carol Ann Turner, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
LAWRENCE, Judge.
Adrian Daniels (Daniels) directly appeals his conviction and sentence, raising one issuethat he was denied his right, pursuant to Coney v. State, 653 So.2d 1009 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), to be present at the bench when his jury was selected. We affirm.
Daniels was found guilty of resisting arrest with violence and possession of cannabis, committed on February 8, 1995, in Franklin County. The trial judge sentenced Daniels, as an habitual offender, to eight years in prison and one concurrent year in county jail, as well as costs.
The jury tried Daniels on August 24, 1995. The Coney opinion was released on January 5, 1995, and was superseded in Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla. 1996). The amendment superseding Coney is effective January 1, 1997, at 12:01 a.m. Amendments, 685 So.2d at 1255. Daniels thus was tried in the Coney window. Our precedent nevertheless precludes Daniels' requested relief. The burden is on an appellant to establish reversible error; when the record fails to support appellant's allegation that he was absent from the bench when his counsel exercised peremptory challenges, appellant fails to show reversible error, even if Coney is applicable. Moore v. State, 685 So.2d 87 (Fla. 1st DCA 1996) (holding same); see also Mathis v. State, 683 So.2d 582 (Fla. 1st DCA 1996) (en banc). Nothing in the instant record establishes that Daniels was absent from the bench when his counsel exercised peremptory challenges. Daniels thus fails to show error.
We therefore affirm Daniels' conviction and sentence.
WEBSTER and MICKLE, JJ., concur.