696 So.2d 904 (1997)
Cameron ELLIS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2011.
District Court of Appeal of Florida, Fourth District.
July 2, 1997.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
*905 GUNTHER, Judge.
Appellant, Cameron Ellis, appeals his conviction and sentence for battery on a law enforcement officer and resisting an officer with violence. Only one of the three issues raised merits discussion. Because the trial court did not comply with the dictates of Coney v. State, 653 So.2d 1009, 1013 (Fla.), cert. denied, ___ U.S. ___, 116 S.Ct. 315, 133 L.Ed.2d 218 (1995), we reverse.
In Coney, the Florida Supreme Court concluded that a defendant had the right to be physically present at the immediate site where the juror challenges are exercised.[1] The Coney court also found:
Where this is impractical, such as where a bench conference is required, the defendant can waive this right and exercise constructive presence through counsel. In such a case, the court must certify through proper inquiry that the waiver is knowing, intelligent, and voluntary. Alternatively, the defendant can ratify strikes made outside his presence by acquiescing in the strikes after they are made. Again, the court must certify the defendant's approval of the strikes through proper inquiry.
Id. (citations omitted). Where the procedure in Coney is not followed, the cause must be reversed for a new trial. Id. However, the supreme court has recognized that a Coney error is subject to a harmless error analysis. Id.
In the instant case, it is not clear from the record whether Appellant was present at the immediate site where the juror challenges were exercised or whether he conferred with counsel prior to the peremptory challenges being exercised. Therefore, we relinquished jurisdiction to the trial court for a reconstruction of the events surrounding the bench conference where peremptory and for cause challenges were exercised. See Golden v. State, 688 So.2d 419, 420 (Fla. 1st DCA 1997). However, the trial court, the State, and defense counsel did not have any specific recollection of such events.
Thus, we are left with a record that is silent as to Appellant's presence at the immediate site where jurors were peremptorily challenged. A defendant has a due process right to be present at the site where peremptory challenges are exercised. See Coney, 653 So.2d at 1012-13; Matthews v. State, 687 So.2d 908, 909 (Fla. 4th DCA 1997). Since the burden is upon the trial court or the State to make the record show that all requirements of due process have been met, we hold that the burden is on the trial court or the State to make the record show that the dictates of Coney have been complied with. See id. at 910 n. 2; Alexander v. State, 575 So.2d 1370, 1371 (Fla. 4th DCA 1991). Here, neither the trial court nor the State has met this burden as they have failed to demonstrate that Appellant was present at the site where jurors were peremptorily challenged.
In so holding, we recognize conflict with the First District which has found that since it is the appellant's burden to show reversible error, it is the appellant's burden to demonstrate that he was not present at the site where juror challenges were exercised. See Faison v. State, 697 So.2d 585 (Fla. 1st DCA 1997); Daniels v. State, 691 So.2d 1139 (Fla. 1st DCA 1997); Moore v. State, 685 So.2d 87 (Fla. 1st DCA 1996). Where the record is silent, we do not see how the appellant would ever be able to meet this burden. We find that the more prudent approach would be to keep the burden on the trial court and the State to show that the Coney requirements have been met. See Matthews, 687 So.2d at 910 n. 2; Alexander, 575 So.2d at 1371.
In addition to the trial court or the State failing to show that Appellant was present at the immediate site where juror challenges were exercised, the record does not reflect that Appellant knowingly and voluntarily *906 waived his right to be present at the site or that he ratified the juror challenges that were made outside his presence. Thus, the rule set forth in Coney has been violated. Coney, 653 So.2d at 1013. Further, we do not find that this error was harmless. Accordingly, we must reverse and remand for a new trial. See id.
REVERSED AND REMANDED.
FARMER, J., and MAY, MELANIE G., Associate Judge, concur.
NOTES
[1] Since the appeal of this case, "presence" has been redefined under rule 3.180, Florida Rules of Criminal Procedure, as being "physically in attendance for the courtroom proceeding, and [having] a meaningful opportunity to be heard through counsel on the issue being discussed." Amendments to the Fla.R.Crim.P., 685 So.2d 1253, 1254 & n. 2 (Fla.1996)(also noting that this amendment supersedes Coney). This amendment, however, cannot be applied retroactively. Goney v. State, 691 So.2d 1133 (Fla. 5th DCA 1997).