PER CURIAM.
Appellant, Roger Dale Fleehearty, timely appeals his criminal convictions for felony fleeing or attempting to elude and resisting arrest with violence. We affirm on all issues, but clarify one point raised on appeal.
As both parties recognize, the jury charge conference was held off the record. We relinquished jurisdiction to the trial court to attempt to reconstruct the record, but after a hearing, the trial court found it could not reconstruct the record. Appellant does not, however, contend that the jury charge conference was held off the record without his knowledge or permission. In fact, the record, both before the parties went off the record and after proceedings resumed on the record, fails to reflect any objection to conducting the jury charge conference off the record. Moreover, once the parties resumed proceedings on the record, the trial court remarked that it and the parties had “come to an agreement” while discussing the jury instructions off the record, and defense counsel agreed that was an accurate statement. At no time did defense counsel voice any objection to decisions made during the off-record jury charge conference.
On appeal, Appellant argues that the trial court erred in failing to instruct the jury on resisting arrest without violence, a permissive lesser included offense of resisting arrest with violence. Appellant contends that he wanted the jury instruction on resisting arrest without violence, but his trial counsel claims he cannot remember whether, during the off-record jury charge conference, he actually requested the trial court to instruct the jury on resisting arrest without violence. Moreover, Appellant argues that because the State and trial court failed to carry their burden of ensuring that a proper record is prepared, he is entitled to a new trial. It is the State’s position that Appellant never requested an instruction on resisting arrest without violence and that it was a calculated tactical decision not to request the instruction.
We cannot agree that Appellant is entitled to a new trial where defense counsel agreed to conduct proceedings off the record and then failed to make any objections when proceedings continued on the record. Appellant does not claim that he was opposed to-holding the jury charge conference off the record or that the jury charge conference was otherwise held off the record without his knowledge. Thus, this case is factually distinguishable from Alexander v. State, 575 So.2d 1370 (Fla. 4th DCA 1991), and-other *397 cases from this Court that hold missing portions of the transcript are cause for reversible error. Under Florida Rules of Judicial Administration 2.070(c), portions of trial court proceedings can be omitted from the record if all parties agree to do so and the court approves the agreement. Where a criminal defendant agrees to conduct proceedings off the record and then remains silent as to any potential objection, he cannot later benefit from the lack of record. Otherwise, defendants would have an incentive to conduct proceedings off the record and then, if a conviction resulted, claim entitlement to a new trial when their actions strategically contributed to the lack of a reviewable record.
AFFIRMED.
STONE, C.J., and GUNTHER and POLEN, JJ., concur.