SHAW, Justice.
We have for review Ellis v. State, 696 So.2d 904 (Fla. 4th DCA 1997), based on conflict with Carmichael v. State, 715 So.2d 247 (Fla.1998). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We quash Ellis.
Cameron Ellis was charged with battery on a law enforcement officer and resisting arrest with violence. Following voir dire, the jury was selected at a bench conference on April 8, 1996, where several juror challenges were exercised. Although Ellis was present in the courtroom during jury selection, the record is silent as to whether he was present at the bench. He was convicted as charged *750 and the district court reversed because the State could not show conclusively that he was present at the bench. The State contends that the trial court did not err in selecting the jury. We agree.
The Court in Coney v. State, 653 So.2d 1009, 1013 (Fla.1995), ruled that under our then-current rules of procedure, the defendant had a right to be present at the bench when pretrial juror challenges were exercised.[1] We recently held in Carmichael v. State, 715 So.2d 247 (Fla.1998), that the defendant must timely raise this issue. In the present case, although Ellis was present in the courtroom when the jury was selected, the record fails to show that either he or his lawyer expressed any interest in Ellis being present at the bench. We note that our decision in Coney had been issued months earlier, giving Ellis ample notice of the existence of this right. On this record, we find no error.
We quash Ellis.
It is so ordered.
OVERTON, KOGAN and WELLS, JJ., concur.
PARIENTE, J., concurs in result only with an opinion.
HARDING, C.J., dissents with an opinion, in which ANSTEAD, J., concurs.

. Coney has since been superseded. See Amendments to Florida Rules of Criminal Procedure, 685 So.2d 1253, 1254 n. 2 (Fla.1996) ("This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995)."). Coney is applicable only to those cases falling within a narrow window — i.e., where jury selection took place after April 27, 1995 (the date Coney became final), and before January 1, 1997 (the date the corrective amendment to rule 3.180 became effective). See State v. Mejia, 696 So.2d 339 (Fla.1997); Amendments.