779 So.2d 580 (2001)
David Terrence STEPHENS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D00-1292.
District Court of Appeal of Florida, Fifth District.
February 9, 2001.
James B. Gibson, Public Defender, and Barbara C. Davis, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, R.B., J.
Appellant, David Terrence Stephens, was convicted of aggravated battery with a deadly weapon or great bodily injury and other charges and sentenced as an habitual offender to forty (40) years in the Department of Corrections. He appeals his conviction and sentence and alleges that the trial court erred by failing to insure that he and his attorney were present when the trial court responded to three jury questions.
During deliberations, on three separate occasions, the jury sent out questions. Our supreme court has held that trial judges may not respond to a jury's request for additional instructions without the prosecutor, the defense attorney and the defendant being present and having an opportunity to participate in the response being considered by the court. A violation of that rule is per se reversible error. Williams v. State, 488 So.2d 62 (Fla.1986); Ivory v. State, 351 So.2d 26 (Fla.1977).
The original record submitted to this Court clearly showed that defense counsel participated in responding to at least one of the jury's questions but the record was silent as to defense counsel's presence during discussions regarding the remaining questions. The record was also silent as to Stephens' presence during any of the discussions.
Pursuant to Alexander v. State, 575 So.2d 1370 (Fla. 4th DCA 1991), this Court relinquished jurisdiction to the trial court to fill in the gaps in the original record to determine if counsel and Stephens were present during the discussions. Having now reviewed the supplemental transcript, we are satisfied that defense counsel and Stephens were present during the discussions regarding the jury's questions and find no reversible error.
It is the burden of the trial court, or the State, to make certain that the record reflects that all requirements of due process, including the opportunity to be heard on responses to jury questions have been met. Alexander, 575 So.2d at 1371. Trial judges and attorneys representing the State need to be mindful of this obligation.
AFFIRMED.
PETERSON and GRIFFIN, JJ., concur.