685 So.2d 1253 (1996)
AMENDMENTS TO THE FLORIDA RULES OF CRIMINAL PROCEDURE;
Amendment to Florida Rule of Criminal Procedure 3.190.
Nos. 87679 & 88807.
Supreme Court of Florida.
November 27, 1996.
John W. Frost, II, President, Bartow; Edward R. Blumberg, President-elect, Miami, and John F. Harkness, Jr., Executive Director, Tallahassee, on behalf of The Florida Bar; and Honorable Dedee S. Costello, Chair, Florida Bar Criminal Procedure Rules Committee, Panama City, for Petitioner.
Michael R. Ramage, General Counsel, Tallahassee, on behalf of The Florida Department of Law Enforcement.
*1254 PER CURIAM.
We have for consideration The Florida Bar Criminal Procedure Rules Committee's quadrennial report of proposed rules changes filed in accordance with Florida Rule of Judicial Administration 2.130(c)(3). We have consolidated the rules committee's report with an emergency petition to amend Florida Rule of Criminal Procedure 3.190 which was filed by the committee. We have jurisdiction. Art. V, § 2(a), Fla. Const.
The rules committee asks us to amend Florida Rules of Criminal Procedure 3.172, 3.180, 3.190, 3.212, 3.216, 3.780, 3.850, 3.986 and to add new rules 3.090 and 3.361. Pursuant to Florida Rule of Judicial Administration 2.130(c), the proposed changes were submitted to The Florida Bar Board of Governors, who unanimously recommended approval.
After reviewing the committee's quadrennial report and comments filed by interested parties and hearing oral argument on the matter, and after considering the committee's emergency petition to amend rule 3.190, we adopt the appended amendments to the Florida Rules of Criminal Procedure.
The proposed amendment to rule 3.850, which was intended to provide a uniform procedure for requesting a belated appeal, is not included. With the agreement of the chair of the Criminal Procedure Rules Committee, it was determined that the subject of belated appeals was better addressed in the appellate rules. See Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773 (Fla.1996) (adopting Fla.R.App.P. 9.140(j)). However, we add the following Court commentary to rule 3.850, Motion to Vacate, Set Aside, or Correct Sentence:
1996 Court Commentary. Florida Rule of Judicial Administration 2.071(b) allows for telephonic and teleconferencing communication equipment to be utilized "for a motion hearing, pretrial conference, or a status conference." Teleconferencing sites have been established by the Department of Management Services, Division of Communications at various metropolitan locations in the state. The "Shevin Study"[1] examined, at this Court's request, the issue of delays in capital postconviction relief proceedings and noted that travel problems of counsel cause part of those delays. The Court strongly encourages the use of the new telephonic and teleconferencing technology for postconviction relief proceedings that do not require evidentiary hearings.
We also have added subdivision (c) to rule 3.851, Collateral Relief After Death Sentence Has Been Imposed. The new subdivision makes our decision in Huff v. State, 622 So.2d 982 (Fla.1993), applicable to all rule 3.850 motions filed by a death row inmate. It also makes clear that the new subdivision applies only to rule 3.850 motions that have not been ruled on as of January 1, 1997. Consistent with the Court commentary added to rule 3.850, we add a commentary to rule 3.851 strongly encouraging the use of the new telephonic and teleconferencing technology for hearings held in compliance with the new subdivision. The commentary also explains that the postconviction defendant's attendance is not required at a rule 3.851(c) hearing.
We have modified the proposed amendment to subdivision (b) of rule 3.180, Presence of Defendant,[2] to provide:
A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.
In order to accomplish the objectives outlined in our opinion amending the Florida Rules of Appellate Procedure, Amendments to the Florida Rules of Appellate Procedure, 685 So.2d 773, we also have amended rule 3.800(b) and added new subdivision (1) to rule 3.170.
*1255 The appended amendments include the following changes as proposed by the rules committee. New rule 3.090, Pleading Captions, is similar to Florida Rule of Civil Procedure 1.100(c)(1) and requires captions on all pleadings, orders and other papers filed in criminal cases.
The amendment to rule 3.172, Acceptance of Guilty or Nolo Contendere Plea, is an editorial change that was necessary to reflect the amendment to rule 3.180.
Subdivision (d) of rule 3.190, Pretrial Motions, is amended to clarify that a traverse is only required to deny factual matters set forth in a sworn motion to dismiss under subdivision (c)(4) of the rule. In response to the committee's emergency petition to amend rule 3.190, we add new subdivision (k) to that rule. The new subdivision, entitled "Motion to Expedite," is added to comport with sections 825.106 and 918.0155, Florida Statutes (1995).
Subdivision (c)(5)(B) of rule 3.212, Competence to Proceed, is amended to allow the prosecuting attorney to file a motion to redetermine competency.
Subdivision (e) of rule 3.216, Insanity at Time of Offense, is amended to provide for the filing of a notice of intent to rely on any mental-health defense other than insanity as soon as a good-faith determination has been made to utilize the defense but no later than thirty days prior to trial. Subdivision (f) of that rule is amended to provide for a court-appointed expert, upon motion of the state, if the notice filed under subdivision (e) indicates that the defendant will rely on the testimony of an expert who has examined the defendant.
New rule 3.361, Attendance of Witnesses, authorizes the court or both parties to excuse a witness summoned by a trial subpoena.
The amendment to subdivision (c) of rule 3.780, Sentencing Hearing for Capital Cases, clarifies that both the state and the defense have a right to make one opening statement and one closing argument at the penalty phase of a capital trial.
Finally, in accordance with the amended petition filed by the Criminal Procedure Rules Committee August 26, 1996, the rule 3.986(b) judgment form has been amended to comport with recent amendments to section 943.325, Florida Statutes (1995).
Accordingly, the Court commentary rule 3.850 is amended as provided in this opinion and the remainder of the Florida Rules of Criminal Procedure are amended as reflected in the appendix. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes and Court commentary are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 1997, at 12:01 a.m.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

APPENDIX
RULE 3.090. PLEADING CAPTIONS
Every pleading, motion, order, judgment, or other paper shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature or the nature of the order, as the case may be. All papers filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paper and the party requesting or obtaining relief.
RULE 3.170. PLEAS
(a) Types of Plea; Court's Discretion.
A defendant may plead not guilty, guilty, or, with the consent of the court, nolo contendere. Except as otherwise provided by these rules, all pleas to a charge shall be in open court and shall be entered by the defendant. If the sworn complaint charges the commission of a misdemeanor, the defendant may plead guilty to the charge at the first appearance *1256 under rule 3.130, and the judge may thereupon enter judgment and sentence without the necessity of any further formal charges being filed. A plea of not guilty may be entered in writing by counsel. Every plea shall be entered of record, but a failure to enter it shall not affect the validity of any proceeding in the cause.
(b) Pleading to Other Charges. Having entered a plea in accordance with this rule, the defendant may, with the court's permission, enter a plea of guilty or nolo contendere to any and all charges pending against him or her in the State of Florida over which the court would have jurisdiction and, when authorized by law, to charges pending in a court of lesser jurisdiction, if the prosecutor in the other case or cases gives written consent thereto. The court accepting such a plea shall make a disposition of all such charges by judgment, sentence, or otherwise. The record of the plea and its disposition shall be filed in the court of original jurisdiction of the offense. If a defendant secures permission to plead to other pending charges and does so plead, the entry of such a plea shall constitute a waiver by the defendant of venue and all nonjurisdictional defects relating to such charges.
(c) Standing Mute or Pleading Evasively. If a defendant stands mute, or pleads evasively, a plea of not guilty shall be entered.
(d) Failure of Corporation to Appear. If the defendant is a corporation and fails to appear, a plea of not guilty shall be entered of record.
(e) Plea of Not Guilty; Operation in Denial. A plea of not guilty is a denial of every material allegation in the indictment or information on which the defendant is to be tried.
(f) Withdrawal of Plea of Guilty. The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty. The fact that a defendant may have entered a plea of guilty and later withdrawn the plea may not be used against the defendant in a trial of that cause.
(g) Vacation of Plea and Sentence Due to Defendant's Noncompliance.
(1) Whenever a plea agreement requires the defendant to comply with some specific terms, those terms shall be expressly made a part of the plea entered into in open court.
(2) Unless otherwise stated at the time the plea is entered:
(A) The state may move to vacate a plea and sentence within 60 days of the defendant's noncompliance with the specific terms of a plea agreement.
(B) When a motion is filed pursuant to subdivision (g)(2)(A) of this rule, the court shall hold an evidentiary hearing on the issue unless the defendant admits noncompliance with the specific terms of the plea agreement.
(C) No plea or sentence shall be vacated unless the court finds that there has been substantial noncompliance with the express plea agreement.
(D) When a plea and sentence is vacated pursuant to this rule, the cause shall be set for trial within 90 days of the order vacating the plea and sentence.
(h) Plea of Guilty to Lesser Included Offense or Lesser Degree. The defendant, with the consent of the court and of the prosecuting attorney, may plead guilty to any lesser offense than that charged that is included in the offense charged in the indictment or information or to any lesser degree of the offense charged.
(i) Plea of Guilty to an Offense Divided into Degrees; Determination of the Degree. When an indictment or information charges an offense that is divided into degrees without specifying the degree, if the defendant pleads guilty, generally the court shall, before accepting the plea, examine witnesses to determine the degree of the offense of which the defendant is guilty.
(j) Time and Circumstances of Plea. No defendant, whether represented by counsel *1257 or otherwise, shall be called on to plead unless and until he or she has had a reasonable time within which to deliberate thereon.
(k) Responsibility of Court on Pleas. No plea of guilty or nolo contendere shall be accepted by a court without the court first determining, in open court, with means of recording the proceedings stenographically or mechanically, that the circumstances surrounding the plea reflect a full understanding of the significance of the plea and its voluntariness and that there is a factual basis for the plea of guilty. A complete record of the proceedings at which a defendant pleads shall be kept by the court.
(l) Motion to Withdraw the Plea After Sentencing. A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in Florida Rule of Appellate Procedure 9.140(b)(2)(B)(i)(v).

Committee Notes
1968 Adoption.
(a) Patterned after the major portion of Federal Rule of Criminal Procedure 11.
(b) Same as section 909.07, Florida Statutes, except the word "made" is substituted for "pleaded."
(c) Taken from a part of section 908.03, Florida Statutes.
(d) Taken from a part of section 908.03, Florida Statutes.
(e) Same as section 909.16, Florida Statutes, except that provision is added for trial by affidavit.
(f) Essentially the same as section 909.13, Florida Statutes.
(g) Essentially the same as section 909.09, Florida Statutes, except for the addition of the charge by affidavit.
(h) Same as section 909.11, Florida Statutes, except provision is made for a charge by affidavit.
1972 Amendment. This general topic is found in ABA Standard relating to pleas of guilty. The Standards are divided into 3 parts: receiving and acting upon a plea; withdrawal of the plea; and plea discussions and plea agreements. The first and second parts are considered under this rule.
(a) Same as first part of existing rule; substance of second sentence of existing rule transferred to new subdivision (j); new provision permits, with court approval, plea of not guilty to be made in writing.
(b) From ABA Standard 1.2; the purpose of this rule is to permit a defendant to plead guilty or nolo contendere to all cases pending against the defendant, thus avoiding multiple judicial and prosecutorial labors. New concept of permitting this procedure even though the other cases are pending in other counties is taken from Federal Rule of Criminal Procedure 20 which has successfully met the purpose explained above.
(c) Same as prior rule.
(d) Same as prior rule.
(e) Same as prior rule.
(f) Last sentence added from ABA Standard 2.2.
(g) Same as prior rule.
(h) Same as prior rule.
(i) This should be done in accordance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Garcia v. State, 228 So.2d 300 (Fla.1969). This should also include advising a defendant so pleading of the possibility of an action or charge against him or her as a multiple felon if the circumstances so warrant.
(j) From first sentence of present rule 3.170(a) with addition of requirement of determination of factual basis for a plea of guilty as provided by last sentence of federal rule 11. While requiring the presence of a court reporter, the proposed rule does not require that the reporter transcribe and file a transcript of the proceedings on a plea of guilty or nolo contendere, although the committee considers that such a requirement by the trial judge is desirable.
*1258 1973 Amendment. The purpose of this amendment is to provide a method whereby a defendant may plead guilty to a misdemeanor at first appearance without the necessity of the state attorney subsequently filing an information.
RULE 3.172. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) Voluntariness; Factual Basis. Before accepting a plea of guilty or nolo contendere, the trial judge shall be satisfied that the plea is voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the trial judge in this function.
(b) Open Court. All pleas shall be taken in open court, except that when good cause is shown a plea may be taken in camera.
(c) Determination of Voluntariness. Except when a defendant is not present for a plea, pursuant to the provisions of rule 3.180(cd), the trial judge should, when determining voluntariness, place the defendant under oath and shall address the defendant personally and shall determine that he or she understands:
(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;
(2) if the defendant is not represented by an attorney, that the defendant has the right to be represented by an attorney at every stage of the proceeding against him or her and, if necessary, one will be appointed to represent him or her;
(3) that the defendant has the right to plead not guilty or to persist in that plea if it has already been made and that the defendant has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to compel attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right not to be compelled to incriminate himself or herself;
(4) that if the defendant pleads guilty, or nolo contendere without express reservation of the right to appeal, he or she gives up the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, but does not impair the right to review by appropriate collateral attack;
(5) that if the defendant pleads guilty or is adjudged guilty after a plea of nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he or she waives the right to a trial;
(6) that if the defendant pleads guilty or nolo contendere, the trial judge may ask the defendant questions about the offense to which he or she has pleaded, and if the defendant answers these questions under oath, on the record, and in the presence of counsel, the answers may later be used against him or her in a prosecution for perjury;
(7) the complete terms of any plea agreement, including specifically all obligations the defendant will incur as a result; and
(8) that if he or she pleads guilty or nolo contendere the trial judge must inform him or her that, if he or she is not a United States citizen, the plea may subject him or her to deportation pursuant to the laws and regulations governing the United States Immigration and Naturalization Service. It shall not be necessary for the trial judge to inquire as to whether the defendant is a United States citizen, as this admonition shall be given to all defendants in all cases.
(d) Acknowledgment by Defendant. Before the trial judge accepts a guilty or nolo contendere plea, the judge must determine that the defendant either (1) acknowledges his or her guilt or (2) acknowledges that he or she feels the plea to be in his or her best interest, while maintaining his or her innocence.
(e) Proceedings of Record. The proceedings at which a defendant pleads guilty or nolo contendere shall be of record.
(f) Withdrawal of Plea Offer or Negotiation. No plea offer or negotiation is binding until it is accepted by the trial judge formally after making all the inquiries, advisements, and determinations required by this rule. *1259 Until that time, it may be withdrawn by either party without any necessary justification.
(g) Withdrawal of Plea When Judge Does Not Concur. If the trial judge does not concur in a tendered plea of guilty or nolo contendere arising from negotiations, the plea may be withdrawn.
(h) Evidence. Except as otherwise provided in this rule, evidence of an offer or a plea of guilty or nolo contendere, later withdrawn, or of statements made in connection therewith, is not admissible in any civil or criminal proceeding against the person who made the plea or offer.
(i) Prejudice. Failure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice.

Committee Notes
1977 Adoption. New in Florida. In view of the supreme court's emphasis on the importance of this procedure as set forth in Williams v. State, 316 So.2d 267 (Fla.1975), the committee felt it appropriate to expand the language of former rule 3.170(j) (deleted) and establish a separate rule. Incorporates Federal Rule of Criminal Procedure 11© and allows for pleas of convenience as provided in North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).
(a), (b) Mandatory record of voluntariness and factual predicate is proper responsibility of counsel as well as the court.
(c)(iv) This waiver of right to appeal is a change from the proposed amendments to the rules of criminal procedure now pending. A sentence if lawful is not subject to appellate review; a judgment, however, is. The committee was of the opinion that the proposed rule should be expanded to include a waiver of appeal from the judgment as well as the sentence. Waivers of appeal have been approved. United States ex rel. Amuso v. LaValle, 291 F.Supp. 383 (E.D.N.Y.1968), aff'd 427 F.2d 328 (2d Cir.1970); State v. Gibson, 68 N.J. 499, 348 A.2d 769 (1975); People v. Williams, 36 N.Y.2d 829, 370 N.Y.S.2d 904, 331 N.E.2d 684 (1975).
(vii) Requires the court to explain the plea agreement to the defendant, including conditions subsequent such as conditions of probation.
(e) Provides a readily available record (either oral or by use of standard forms) in all cases where a felony is charged.
(h) Rewording of federal rule 11(e)(6).
RULE 3.180. PRESENCE OF DEFENDANT
(a) Presence of Defendant. In all prosecutions for crime the defendant shall be present:
(1) at first appearance;
(2) when a plea is made, unless a written plea of not guilty shall be made in writing under the provisions of rule 3.170(a);
(3) at any pretrial conference, unless waived by the defendant in writing;
(4) at the beginning of the trial during the examination, challenging, impanelling, and swearing of the jury;
(5) at all proceedings before the court when the jury is present;
(6) when evidence is addressed to the court out of the presence of the jury for the purpose of laying the foundation for the introduction of evidence before the jury;
(7) at any view by the jury;
(8) at the rendition of the verdict; and
(9) at the pronouncement of judgment and the imposition of sentence.
(b) Presence; definition. A defendant is present for purposes of this rule if the defendant is physically in attendance for the courtroom proceeding, and has a meaningful opportunity to be heard through counsel on the issues being discussed.
(bc) Defendant Absenting Self. If the defendant is present at the beginning of the trial and thereafter, during the progress of the trial or before the verdict of the jury has been returned into court, voluntarily absents himself or herself from the presence of the court without leave of court, or is removed from the presence of the court because of his or her disruptive conduct during the trial, the *1260 trial of the cause or the return of the verdict of the jury in the case shall not thereby be postponed or delayed, but the trial, the submission of the case to the jury for verdict, and the return of the verdict thereon shall proceed in all respects as though the defendant were present in court at all times.
(cd) Defendant May Be Tried in Absentia for Misdemeanors. Persons prosecuted for misdemeanors may, at their own request, by leave of court, be excused from attendance at any or all of the proceedings aforesaid.
(de) Presence of Corporation. A corporation may appear by counsel at all times and for all purposes.

Committee Notes
1968 Adoption. (a) The suggested rule is in great part a recopying of section 914.01, Florida Statutes:
In (3) the words "at the beginning of the trial" are recommended for inclusion to avoid questions arising as to the necessity for the defendant's presence at times other than upon trial, such as when the jury venire is ordered, etc.
Subdivision (a)(8) is not in the present statute. However, it is deemed advisable to include it, as the several sections of chapter 921, Florida Statutes, particularly section 921.07, appear to impliedly or expressly require the defendant's presence at such times.
(bc) The statute and the suggested rule make no distinction between capital and other cases. In all probability, however, were a person on trial for a capital case to escape during trial, a mistrial should be ordered if such person were not captured within a reasonable time.
(cd) It is suggested that this language be used rather than the all-inclusive general language of the present statute as to misdemeanor cases.
(de) This provision does not appear in section 914.01, Florida Statutes, but it is a part of Federal Rule of Criminal Procedure 43. It is deemed useful to include it.
1972 Amendment. Same as prior rule except (3) added to conform to rule 3.220(k); other subdivisions renumbered.
RULE 3.190. PRETRIAL MOTIONS
(a) In General. Every pretrial motion and pleading in response to a motion shall be in writing and signed by the party making the motion or the attorney for the party. This requirement may be waived by the court for good cause shown. Each motion or other pleading shall state the ground or grounds on which it is based. A copy shall be served on the adverse party. A certificate of service must accompany the filing of any pleading.
(b) Motion to Dismiss; Grounds. All defenses available to a defendant by plea, other than not guilty, shall be made only by motion to dismiss the indictment or information, whether the same shall relate to matters of form, substance, former acquittal, former jeopardy, or any other defense.
(c) Time for Moving to Dismiss. Unless the court grants further time, the defendant shall move to dismiss the indictment or information either before or upon arraignment. The court in its discretion may permit the defendant to plead and thereafter to file a motion to dismiss at a time to be set by the court. Except for objections based on fundamental grounds, every ground for a motion to dismiss that is not presented by a motion to dismiss within the time hereinabove provided for shall be taken to have been waived. However, the court may at any time entertain a motion to dismiss on any of the following grounds:
(1) The defendant is charged with an offense for which the defendant has been pardoned.
(2) The defendant is charged with an offense of which the defendant has previously been placed in jeopardy.
(3) The defendant is charged with an offense for which the defendant has previously been granted immunity.
(4) There are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the defendant.
*1261 The facts on which such motion is based should be specifically alleged and the motion sworn to.
(d) Traverse or Demurrer. The state may traverse or demur to a motion to dismiss that alleges factual matters. Factual matters alleged in a motion to dismiss under subdivision (c)(4) of this rule shall be deemed admitted unless specifically denied by the state in the traverse. The court may receive evidence on any issue of fact necessary to the decision on the motion. A motion to dismiss under subdivision (c)(4) of this rule shall be denied if the state files a traverse that with specificity denies under oath the material fact or facts alleged in the motion to dismiss. The demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(e) Effect of Sustaining a Motion to Dismiss. If the motion to dismiss is sustained, the court may order that the defendant be held in custody or admitted to bail for a reasonable specified time pending the filing of a new indictment or information. If a new indictment or information is not filed within the time specified in the order, or within such additional time as the court may allow for good cause shown, the defendant, if in custody, shall be discharged therefrom, unless some other charge justifies a continuation in custody. If the defendant has been released on bail, the defendant and the sureties shall be exonerated; if money or bonds have been deposited as bail, such money or bonds shall be refunded.
(f) Order Dismissing. For the purpose of construing section 924.07(1), Florida Statutes (1969), the statutory term "order quashing" shall be taken and held to mean "order dismissing."
(g) Motion for Continuance.
(1) Definition. A continuance within the meaning of this rule is the postponement of a cause for any period of time.
(2) Cause. The court on motion of the state or a defendant or on its own motion may in its discretion for good cause shown grant a continuance.
(3) Time for Filing. A motion for continuance may be made only before or at the time the case is set for trial, unless good cause for failure to so apply is shown or the ground for the motion arose after the cause was set for trial.
(4) Certificate of Good Faith. A motion for continuance shall be accompanied by a certificate of the movant's counsel that the motion is made in good faith.
(5) Affidavits. The party applying for a continuance may file affidavits in support of the motion, and the adverse party may file counter-affidavits in opposition to the motion.
(h) Motion to Suppress Evidence in Unlawful Search.
(1) Grounds. A defendant aggrieved by an unlawful search and seizure may move to suppress anything so obtained for use as evidence because:
(A) the property was illegally seized without a warrant;
(B) the warrant is insufficient on its face;
(C) the property seized is not that described in the warrant;
(D) there was no probable cause for believing the existence of the grounds on which the warrant was issued; or
(E) the warrant was illegally executed.
(2) Contents of Motion. Every motion to suppress evidence shall clearly state the particular evidence sought to be suppressed, the reasons for suppression, and a general statement of the facts on which the motion is based.
(3) Hearing. Before hearing evidence, the court shall determine if the motion is legally sufficient. If it is not, the motion shall be denied. If the court hears the motion on its merits, the defendant shall present evidence supporting the defendant's position, and the state may offer rebuttal evidence.
(4) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
*1262 (i) Motion to Suppress a Confession or Admission Illegally Obtained.
(1) Grounds. On motion of the defendant or on its own motion, the court shall suppress any confession or admission obtained illegally from the defendant.
(2) Time for Filing. The motion to suppress shall be made prior to trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
(3) Hearing. The court shall receive evidence on any issue of fact necessary to be decided in order to rule on the motion.
(j) Motion to Take Deposition to Perpetuate Testimony.
(1) After an indictment or information on which a defendant is to be tried is filed, the defendant or the state may apply for an order to perpetuate testimony. The application shall be verified or supported by the affidavits of credible persons that a prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending a trial or hearing, that the witness's testimony is material, and that it is necessary to take the deposition to prevent a failure of justice. The court shall order a commission to be issued to take the deposition of the witnesses to be used in the trial and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. If the application is made within 10 days before the trial date, the court may deny the application.
(2) If the defendant or the state desires to perpetuate the testimony of a witness living in or out of the state whose testimony is material and necessary to the case, the same proceedings shall be followed as provided in the preceding subdivision, but the testimony of the witness may be taken before an official court reporter, transcribed by the reporter, and filed in the trial court.
(3) If the deposition is taken on the application of the state, the defendant and the defendant's attorney shall be given reasonable notice of the time and place set for the deposition. The officer having custody of the defendant shall be notified of the time and place and shall produce the defendant at the examination and keep the defendant in the presence of the witness during the examination. A defendant not in custody may be present at the examination, but the failure to appear after notice and tender of expenses shall constitute a waiver of the right to be present. The state shall pay to the defendant's attorney and to a defendant not in custody the expenses of travel and subsistence for attendance at the examination. The state shall make available to the defendant for examination and use at the deposition any statement of the witness being deposed that is in the possession of the state and that the state would be required to make available to the defendant if the witness were testifying at trial.
(4) The application and order to issue the commission may be made either in term time or in vacation. The commission shall be issued at a time to be fixed by the court.
(5) Except as otherwise provided, the rules governing the taking and filing of oral depositions, the objections thereto, the issuing, execution, and return of the commission, and the opening of the depositions in civil actions shall apply in criminal cases.
(6) No deposition shall be used or read into evidence when the attendance of the witness can be procured. If the court determines that any person whose deposition has been taken is absent because of procurement, inducement, or threats of any person on behalf of the state or of the defendant or of any person on the defendant's behalf, the deposition shall not be read in evidence on behalf of the defendant.
(k) Motion to Expedite. Upon motion by the state, the court, in the exercise of its discretion, shall take into consideration the dictates of sections 825.106 and 918.0155, Florida Statutes (1995).

Committee Notes
1968 Adoption. (a) New; devised by committee.
*1263 (b) Substantially the same as section 909.02, Florida Statutes, except changes name of "motion to quash" to "motion to dismiss." This conforms to the terminology of the Federal Rules of Criminal Procedure. The statute authorizing the state to appeal from certain orders, section 924.07, Florida Statutes, should be amended by substituting the words "motion to dismiss" for "motion to quash."
(c) Combines the substance of sections 909.01 and 909.06, Florida Statutes. Subdivision (4) affords a new remedy to an accused. Although there is now a conclusive presumption of probable cause once an indictment or information is filed (see Sullivan v. State, 49 So.2d 794 (Fla.1951)), it is felt that this rule is necessary. Primarily, this procedure will permit a pretrial determination of the law of the case when the facts are not in dispute. In a sense, this is somewhat similar to summary judgment proceedings in civil cases, but a dismissal under this rule is not a bar to a subsequent prosecution.
(d) New; based on Marks v. State, 115 Fla. 497, 155 So. 727 (1934), and what is generally regarded as the better practice. Hearing provision based on federal rule 41(e).
(e) Combines federal rule 12(b)(5) and section 909.05, Florida Statutes. With reference to the maximum time that a defendant will be held in custody or on bail pending the filing of a new indictment or information, the trial court is given discretion in setting such time as to both the indictment and information. This proposal differs from section 909.05, Florida Statutes, with reference to the filing of a new indictment in that the statute requires that the new indictment be found by the same grand jury or the next grand jury having the authority to inquire into the offense. If the supreme court has the authority to deviate from this statutory provision by court rule, it seems that the trial court should be granted the same discretion with reference to the indictment that it is granted concerning the information. The statute is harsh in that under its provisions a person can be in custody or on bail for what may be an unreasonable length of time before a grand jury is required to return an indictment in order that the custody or bail be continued.
(g)(1) This subdivision is almost the same as section 916.02(1), Florida Statutes.
(g)(2) This subdivision is almost the same as section 916.02(2), Florida Statutes.
(g)(3) This subdivision is almost the same as section 916.03, Florida Statutes.
(g)(4) This subdivision rewords a portion of section 916.04, Florida Statutes.
(g)(5) This subdivision rewords section 916.07, Florida Statutes.
(h) Same as federal rule 41(e) as to the points covered.
(i) This rule is based on 38-144-11 of the Illinois Code of Criminal Procedure and federal rule 41(e).
(j) This subdivision rewords and adds to federal rule 14. It covers the subject matter of section 918.02, Florida Statutes.
(k) This rule is almost the same as federal rule 13, with provision added for trial by affidavit.
(l) Substantially same as section 916.06, Florida Statutes, with these exceptions: application cannot be made until indictment, information, or trial affidavit is filed; application must be made at least 10 days before trial; oral deposition in addition to written interrogatories is permissible.
1972 Amendment. Subdivision (h) is amended to require the defendant to specify the factual basis behind the grounds for a motion to suppress evidence. Subdivision (l) is amended to permit the state to take depositions under the same conditions that the defendant can take them. Former subdivisions (j) and (k) transferred to rules 3.150, 3.151, and 3.152. Subdivisions (l) and (m) renumbered (j) and (k) respectively. Otherwise, same as prior rule.
1977 Amendment. This amendment resolves any ambiguity in the rule as to whether the state must file a general or a specific traverse to defeat a motion to dismiss filed under the authority of rule 3.190(c)(4).
See State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974).
*1264 The amendment clearly now requires a specific traverse to specific material fact or facts.
1992 Amendment. The amendments, in addition to gender neutralizing the wording of the rule, make a minor grammatical change by substituting the word "upon" for "on" in several places. The amendments also delete language from subdivision (a) to eliminate from the rule any reference as to when pretrial motions are to be served on the adverse party. Because rule 3.030 addresses the service of pleadings and papers, such language was removed to avoid confusion and reduce redundancy in the rules.
RULE 3.212. COMPETENCE TO PROCEED: HEARING AND DISPOSITION
(a) Admissibility of Evidence. The experts preparing the reports may be called by either party or the court, and additional evidence may be introduced by either party. The experts appointed by the court shall be deemed court witnesses whether called by the court or either party and may be examined as such by either party.
(b) Finding of Competence. The court shall first consider the issue of the defendant's competence to proceed. If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed.
(c) Commitment on Finding of Incompetence. If the court finds the defendant is incompetent to proceed, or that the defendant is competent to proceed but that the defendant's competence depends on the continuation of appropriate treatment for a mental illness or mental retardation, the court shall consider issues relating to treatment necessary to restore or maintain the defendant's competence to proceed.
(1) The court may order the defendant to undergo treatment if the court finds that the defendant is mentally ill or mentally retarded and is in need of treatment and that treatment appropriate for the defendant's condition is available. If the court finds that the defendant may be treated in the community on bail or other release conditions, the court may make acceptance of reasonable medical treatment a condition of continuing bail or other release conditions.
(2) If the defendant is incarcerated, the court may order treatment to be administered at the custodial facility or may order the defendant transferred to another facility for treatment or may commit the defendant as provided in subdivision (3).
(3) A defendant may be committed for treatment to restore a defendant's competence to proceed if the court finds that:
(A) the defendant meets the criteria for commitment as set forth by statute;
(B) there is a substantial probability that the mental illness or mental retardation causing the defendant's incompetence will respond to treatment and that the defendant will regain competency to proceed in the reasonably foreseeable future;
(C) treatment appropriate for restoration of the defendant's competence to proceed is available; and
(D) no appropriate treatment alternative less restrictive than that involving commitment is available.
(4) If the court commits the defendant, the order of commitment shall contain:
(A) findings of fact relating to the issues of competency and commitment addressing the factors set forth in rule 3.211 when applicable;
(B) copies of the reports of the experts filed with the court pursuant to the order of examination;
(C) copies of any other psychiatric, psychological, or social work reports submitted to the court relative to the mental state of the defendant; and
(D) copies of the charging instrument and all supporting affidavits or other documents used in the determination of probable cause.
(5) The treatment facility shall admit the defendant for hospitalization and treatment and may retain and treat the defendant. No later than 6 months from the date of admission, the administrator of the facility shall file with the court a report that shall address the *1265 issues and consider the factors set forth in rule 3.211, with copies to all parties. If, at any time during the 6-month period or during any period of extended commitment that may be ordered pursuant to this rule, the administrator of the facility determines that the defendant no longer meets the criteria for commitment or has become competent to proceed, the administrator shall notify the court by such a report, with copies to all parties.
(A) If, during the 6-month period of commitment and treatment or during any period of extended commitment that may be ordered pursuant to this rule, counsel for the defendant shall have reasonable grounds to believe that the defendant is competent to proceed or no longer meets the criteria for commitment, counsel may move for a hearing on the issue of the defendant's competence or commitment. The motion shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is now competent to proceed or no longer meets the criteria for commitment. To the extent that it does not invade the attorney-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant that have formed the basis for the motion.
(B) If, upon consideration of a motion filed by counsel for the defendant or the prosecuting attorney and any information offered the court in support thereof, the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment, the court shall order the administrator of the facility to report to the court on such issues, with copies to all parties, and shall order a hearing to be held on those issues.
(6) The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby. If, following the hearing, the court determines that the defendant continues to be incompetent to proceed and that the defendant meets the criteria for continued commitment or treatment, the court shall order continued commitment or treatment for a period not to exceed 1 year. When the defendant is retained by the facility, the same procedure shall be repeated prior to the expiration of each additional 1-year period of extended commitment.
(7) If, at any time after such commitment, the court decides, after hearing, that the defendant is competent to proceed, it shall enter its order so finding and shall proceed.
(8) If, after any such hearing, the court determines that the defendant remains incompetent to proceed but no longer meets the criteria for commitment, the court shall proceed as provided in rule 3.212(d).
(d) Release on Finding of Incompetence. If the court decides that a defendant is not mentally competent to proceed but does not meet the criteria for commitment, the defendant may be released on appropriate release conditions for a period not to exceed 1 year. The court may order that the defendant receive outpatient treatment at an appropriate local facility and that the defendant report for further evaluation at specified times during the release period as conditions of release. A report shall be filed with the court after each evaluation by the persons appointed by the court to make such evaluations, with copies to all parties.

Committee Notes
1980 Adoption. This rule sets forth the procedure for the hearing itself. If other experts have been involved who were not appointed pursuant to this rule, provision is made that such experts may then be called by either party. Those experts appointed by the court to conduct the examination, if called by the court or by either party to testify at the hearing, will be regarded as court experts. Either party may then examine such experts by leading questions or may impeach such experts. If a party calls an expert witness other than those appointed by the court pursuant to these rules, the usual evidentiary rules of examining such witnesses shall then apply. Following the hearing, the court may come to one of 3 conclusions: (a) the defendant is competent to stand trial, rule 3.212(a); (b) the defendant is incompetent to stand trial and is in need of involuntary hospitalization, rule 3.212(b); or *1266 (c) the defendant is incompetent to stand trial but is not in need of involuntary hospitalization, rule 3.212(c).
(a) This provision has been contained in every prior rule or statute relating to the issues of competency to stand trial and provides that if the defendant is competent the trial shall commence. No change is recommended.
(b) This subdivision provides for the second possible finding of the court, namely that the defendant is found incompetent to stand trial and is in need of involuntary hospitalization. It is designed to track the provisions of chapter 394, Florida Statutes, relating to involuntary hospitalization and the provisions of chapter 393 relating to residential services insofar as they may apply to the defendant under criminal charges. In this way, the procedures to be set up by the institution to which a criminal defendant is sent should not vary greatly from procedures common to the institution in the involuntary hospitalization or residential treatment of those not subject to criminal charges.
The criteria for involuntary hospitalization are set forth in section 394.467(1), Florida Statutes (1979). As to involuntary hospitalization for mental retardation, see section 393.11, Florida Statutes (1979); definition of treatment facility, see section 394.455, Florida Statutes (1979); involuntary admission to residential services, see section 393.11, Florida Statutes (1979).
(2) The requirement that there be certain contents to the order of commitment is set forth in order to give greater assistance to the personnel of the treatment facility. The information to be included in the order should give them the benefit of all information that has been before the trial judge and has been considered by that judge in making the decision to involuntarily hospitalize the defendant. This information should then assist the personnel of the receiving institution in making their initial evaluation and in instituting appropriate treatment more quickly. The last requirement, that of supporting affidavits or other documents used in the determination of probable cause, is to give some indication of the nature of the offense to the examining doctors to enable them to determine when the defendant has reached a level of improvement that he or she can discuss the charge with "a reasonable degree of rational understanding."
(3) This subdivision is designed to correspond with a complementary section of the Florida Statutes. It mandates, as does the statute, that the treatment facility must admit the defendant for hospitalization and treatment. The time limitations set forth in this subdivision are designed to coincide with those set forth in chapter 394, Florida Statutes. If, however, the defendant should regain competence or no longer meets hospitalization criteria prior to the expiration of any of the time periods set, the administrator of the facility may report to the court and cause a re-evaluation of the defendant's mental status. At the end of the 6-month period, and every year thereafter, the administrator must report to the court. These time periods are set forth so as to coincide with chapter 394, Florida Statutes.
(i) Permits the defendant's attorney, in an appropriate case, to request a hearing if the attorney believes the defendant to have regained competency. The grounds for such belief are to be contained in the motion, as is a certificate of the good faith of counsel in filing it. If the motion is sufficient to give the court reasonable grounds to believe that the defendant may be competent or no longer meets the criteria for hospitalization, the court can order a report from the administrator and hold a hearing on the issues.
(4) The rule is meant to mandate that the court hold a hearing as quickly as possible, but the hearing must be held at least within 30 days of the receipt of the report from the administrator of the facility.
(c) This rule provides for the disposition of the defendant who falls under the third of the alternatives listed above, that is, one who is incompetent to stand trial but does not meet the provisions for involuntary hospitalization. It is meant to provide as great a flexibility as possible for the trial judge in handling such defendant.
*1267 As to criteria for involuntary hospitalization, see section 394.467(1), Florida Statutes (1979).
Section 916.13, Florida Statutes complements this rule and provides for the hospitalization of defendants adjudicated incompetent to stand trial.
1988 Amendment. Title. The title has been amended to reflect changes in rules 3.210 and 3.211.
(a) This provision was formerly the introductory paragraph to this rule. It has been labeled subdivision (a) for consistency in form.
(b) This provision was former subdivision (a). It has been amended to reflect changes in rules 3.210 and 3.211. The former subdivisions (b) and (b)(1) have been deleted because similar language is now found in new subdivision (c).
(c) This new provision, including all its subdivisions, is designed to reflect the commitment criteria in section 916.13(1), Florida Statutes, and to reflect that commitment to the Department of Health and Rehabilitative Services is to be tied to specific commitment criteria when no less restrictive treatment alternative is available.
(1) This provision provides for available community treatment when appropriate.
(2) This provision provides for treatment in a custodial facility or other available community residential program.
(3) This provision, and its subdivisions, outlines when a defendant may be committed and refers to commitment criteria under the provisions of section 916.13(1), Florida Statutes.
(4) This provision, and its subdivisions, was formerly subdivision (b)(2). The language has been amended to reflect changes in chapter 916 relating to the commitment of persons found incompetent to proceed and changes in rules 3.210 and 3.211.
(5) This provision, and its subdivisions, was formerly subdivision (b)(3). The amendments are for the same reasons as (4) above.
(6) This provision was formerly subdivision (b)(4). The amendments are for the same reasons as (4) above.
(7) This provision was formerly subdivision (b)(5). The amendments are for the same reasons as (4) above.
(8) This provision was formerly subdivision (b)(6). The amendments are for the same reasons as (4) above.
(d) The amendments to the provision are for the same reasons as (4) above.
1992 Amendment. The amendments substitute "shall" in place of "may" in subdivision (c)(5)(B) to require the trial court to order the administrator of the facility where an incompetent defendant has been committed to report to the court on the issue of competency when the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment. The amendments also gender neutralize the wording of the rule.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. See notes following rule 3.210 for the text of this note.
RULE 3.216. INSANITY AT TIME OF OFFENSE OR PROBATION OR COMMUNITY CONTROL VIOLATION: NOTICE AND APPOINTMENT OF EXPERTS
(a) Expert to Aid Defense Counsel. When in any criminal case counsel for a defendant adjudged to be indigent or partially indigent, whether public defender or court appointed, shall have reason to believe that the defendant may be incompetent to proceed or that the defendant may have been insane at the time of the offense or probation or community control violation, counsel may so inform the court who shall appoint 1 expert to examine the defendant in order to assist counsel in the preparation of the defense. *1268 The expert shall report only to the attorney for the defendant and matters related to the expert shall be deemed to fall under the lawyer-client privilege.
(b) Notice of Intent to Rely on Insanity Defense. When in any criminal case it shall be the intention of the defendant to rely on the defense of insanity either at trial or probation or community control violation hearing, no evidence offered by the defendant for the purpose of establishing that defense shall be admitted in the case unless advance notice in writing of the defense shall have been given by the defendant as hereinafter provided.
(c) Time for Filing Notice. The defendant shall give notice of intent to rely on the defense of insanity no later than 15 days after the arraignment or the filing of a written plea of not guilty in the case when the defense of insanity is to be relied on at trial or no later than 15 days after being brought before the appropriate court to answer to the allegations in a violation of probation or community control proceeding. If counsel for the defendant shall have reasonable grounds to believe that the defendant may be incompetent to proceed, the notice shall be given at the same time that the motion for examination into the defendant's competence is filed. The notice shall contain a statement of particulars showing the nature of the insanity the defendant expects to prove and the names and addresses of the witnesses by whom the defendant expects to show insanity, insofar as is possible.
(d) Court Appointed Experts. On the filing of such notice the court may on its own motion, and shall on motion of the state or the defendant, order that the defendant be examined by no more than 3 nor fewer than 2 disinterested, qualified experts as to the sanity or insanity of the defendant at the time of the commission of the alleged offense or probation or community control violation. Attorneys for the state and defendant may be present at the examination. The examination should take place at the same time as the examination into the competence of the defendant to proceed, if the issue of competence has been raised.
(e) Time for Filing Notice of Intent to Rely on a Mental Health Defense Other than Insanity. The defendant shall give notice of intent to rely on any mental health defense other than insanity as soon as a good faith determination has been made to utilize the defense but in no event later than 30 days prior to trial. The notice shall contain a statement of particulars showing the nature of the defense the defendant expects to prove and the names and addresses of the witnesses by whom the defendant expects to prove the defense, insofar as possible. If expert testimony will be presented, the notice shall indicate whether the expert has examined the defendant.
(f) Court-Appointed Experts for Other Mental Health Defenses. If the notice to rely on any mental health defense other than insanity indicates the defendant will rely on the testimony of an expert who has examined the defendant, the court shall upon motion of the state order the defendant be examined by one qualified expert as to the mental health defense raised by the defendant. Upon a showing of good cause, the court may order additional examinations upon motion by the state or the defendant. Attorneys for the state and defendant may be present at the examination. When the defendant relies on the testimony of an expert who has not examined the defendant, the state shall not be entitled to a compulsory examination of the defendant.
(eg) Report of Experts to Court. The experts shall examine the defendant and shall file with the court in writing at such time as shall be specified by the court, with copies to attorneys for the state and the defense, a report that shall contain:
(1) a description of the evaluative techniques that were used in their examination;
(2) a description of the mental and emotional condition and mental processes of the defendant at the time of the alleged offense or probation or community control violation, *1269 including the nature of any mental impairment and its relationship to the actions and state of mind of the defendant at the time of the offense or probation or community control violation;
(3) a statement of all relevant factual information regarding the defendant's behavior on which the conclusions or opinions regarding the defendant's mental condition were based; and
(4) an explanation of how the conditions and opinions regarding the defendant's mental condition at the time of the alleged offense or probation or community control violation were reached.
(fh) Waiver of Time to File. On good cause shown for the omission of the notice of intent to rely on the defense of insanity, or any mental health defense, the court may in its discretion grant the defendant 10 days to comply with the notice requirement. If leave is granted and the defendant files the notice, the defendant is deemed unavailable to proceed. If the trial has already commenced, the court, only on motion of the defendant, may declare a mistrial in order to permit the defendant to raise the defense of insanity pursuant to this rule. Any motion for mistrial shall constitute a waiver of the defendant's right to any claim of former jeopardy arising from the uncompleted trial.
(gi) Evaluating Defendant after Pretrial Release. If the defendant has been released on bail or other release conditions, the court may order the defendant to appear at a designated place for evaluation at a specific time as a condition of the release provision. If the court determines that the defendant will not submit to the evaluation provided for herein or that the defendant is not likely to appear for the scheduled evaluation, the court may order the defendant taken into custody until the evaluation is completed. A motion made for evaluation under this subdivision shall not otherwise affect the defendant's right to pretrial release.
(hj) Evidence. The appointment of experts by the court shall not preclude the state or the defendant from calling additional expert witnesses to testify at the trial. The experts appointed by the court may be summoned to testify at the trial, and shall be deemed court witnesses whether called by the court or by either party. Other evidence regarding the defendant's insanity or mental condition may be introduced by either party. At trial, in its instructions to the jury, the court shall include an instruction on the consequences of a verdict of not guilty by reason of insanity.

Committee Notes
1980 Adoption.
(a) This subdivision is based on Pouncy v. State, 353 So.2d 640 (Fla. 3d DCA 1977), and provides that an expert may be provided for an indigent defendant. The appointment of the expert will in this way allow the public defender or court-appointed attorney to screen possible incompetency or insanity cases and give a basis for determining whether issues of incompetency or insanity ought to be raised before the court; it will also permit the defense attorney to specify in greater detail in the statement of particulars the nature of the insanity that attorney expects to prove, if any, and the basis for the raising of that defense.
(b) Essentially the same as in prior rules; provides that written notice must be given in advance by the defendant.
(c) Since counsel for indigents often are not appointed until arraignment and since it is sometimes difficult for a defendant to make a determination on whether the defense of insanity should be raised prior to arraignment, a 15-day post-arraignment period is provided for the filing of the notice. The defendant must raise incompetency at the same time as insanity, if at all possible. With the appointment of the expert to assist, the defendant should be able to raise both issues at the same time if grounds for both exist. The remainder of the rule, providing for the statement to be included in the notice, is essentially the same as that in prior rules.
*1270 (d) The appointment of experts provision is designed to track, insofar as possible, the provisions for appointment of experts contained in the rules relating to incompetency to stand trial and in the Florida Statutes relating to appointment of expert witnesses. Insofar as possible, the single examination should include incompetency, involuntary commitment issues where there are reasonable grounds for their consideration, and issues of insanity at time of the offense. Judicial economy would mandate such a single examination where possible.
(eg) In order to obtain more standardized reports, specific items relating to the examination are required of the examining experts. See note to rule 3.211(a).
(fh) Essentially the substance of prior rule 3.210(e)(4) and (5), with some changes. Both prior provisions are combined into a single provision; speedy trial time limits are no longer set forth, but waiver of double jeopardy is mandated.
(gi) Same as rule 3.210(b)(3), relating to incompetency to stand trial. See commentary to that rule.
(hj) A restatement of former rule 3.210(e)(7). The provision that experts called by the court shall be deemed court witnesses is new. The former provision relating to free access to the defendant is eliminated as unnecessary.
As to appointment of experts, see section 912.11, Florida Statutes.
1988 Amendment. The amendments to this rule, including the title, provide for the affirmative defense of insanity in violation of probation or community control proceedings as well as at trial.
1992 Amendment. The purpose of the amendment is to gender neutralize the wording of the rule.
1996 Amendment. Subdivisions (e) and (f) were added to conform to State v. Hickson, 630 So.2d 172 (Fla.1993). These amendments are not intended to expand existing case law.
Introductory Note Relating to Amendments to Rules 3.210 to 3.219. See notes following rule 3.210 for the text of this note.
RULE 3.361. ATTENDANCE OF WITNESSES
A witness summoned by a trial subpoena in a criminal case shall remain in attendance at trial until excused by the court or by both parties. A witness who departs without being properly excused may be held in criminal contempt of court.

RULE 3.780. SENTENCING HEARING FOR CAPITAL CASES
(a) Evidence. In all proceedings based on section 921.141, Florida Statutes, the state and defendant will be permitted to present evidence of an aggravating or mitigating nature, consistent with the requirements of the statute. Each side will be permitted to cross-examine the witnesses presented by the other side. The state will present evidence first.
(b) Rebuttal. The trial judge shall permit rebuttal testimony.
(c) Opening Statement and Closing Argument. Both the state and the defendant will be given an equal opportunity for one opening statement and one closing argument, each being allowed one argument. The state will present argument proceed first.

Committee Notes
1977 Adoption. This is a new rule designed to create a uniform procedure that will be consistent with both section 921.141, Florida Statutes, and State v. Dixon, 283 So.2d 1 (Fla.1973).
Rule 3.800. CORRECTION, REDUCTION, AND MODIFICATION OF SENTENCES
(a) Correction. A court may at any time correct an illegal sentence imposed by it or an incorrect calculation made by it in a sentencing guideline scoresheet.
*1271 (b) Motion to Correct Sentencing Error. A defendant may file a motion to correct the sentence or order of probation within ten thirty days after the rendition of the sentence.
(c) Reduction and Modification. A court may reduce or modify to include any of the provisions of chapter 948, Florida Statutes, a legal sentence imposed by it within 60 days after such imposition, or within 60 days after receipt by the court of a mandate issued by the appellate court on affirmance of the judgment and/or sentence on an original appeal, or within 60 days after receipt by the court of a certified copy of an order of the appellate court dismissing an original appeal from the judgment and/or sentence, or, if further appellate review is sought in a higher court or in successively higher courts, then within 60 days after the highest state or federal court to which a timely appeal has been taken under authority of law, or in which a petition for certiorari has been timely filed under authority of law, has entered an order of affirmance or an order dismissing the appeal and/or denying certiorari. This subdivision of the rule shall not, however, be applicable to those cases in which the death sentence is imposed or those cases in which the trial judge has imposed the minimum mandatory sentence or has no sentencing discretion.

Committee Notes
1968 Adoption. Same as sections 921.24 and 921.25, Florida Statutes. Similar to Federal Rule of Criminal Procedure 35.
1972 Amendment. Same as prior rule.
1977 Amendment. This amendment provides a uniform time within which a defendant may seek a reduction in sentence and excludes death and minimum mandatory sentences from its operation.
1980 Amendment. Permits the sentencing judge, within the 60-day time period, to modify as well as to reduce the sentence originally imposed. Such modification would permit the judge to impose, in the modification, any sentence which could have been imposed initially, including split sentence or probation. The trial judge may not, in such modification, increase the original sentence.

Court Commentary
1996 Amendments. Subdivision (b) was added and existing subdivision (b) was renumbered as subdivision (c) in order to authorize the filing of a motion to correct a sentence or order of probation, thereby providing a vehicle to correct sentencing errors in the trial court and to preserve the issue should the motion be denied. A motion filed under subdivision (b) is an authorized motion which tolls the time for filing the notice of appeal. The presence of a defendant who is represented by counsel would not be required at the hearing on the disposition of such a motion if it only involved a question of law.

Rule 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED
(a) Scope. This rule shall apply to all motions and petitions for any type of postconviction or collateral relief brought by prisoners in state custody who have been sentenced to death.
(b) Time Limitation.
(1) Any rule 3.850 motion to vacate judgment of conviction and sentence of death shall be filed by the prisoner within one year after the judgment and sentence become final. For the purposes of this rule, a judgment is final: (a) upon the expiration of the time permitted to file a petition for writ of certiorari in the United States Supreme Court seeking review of the decision of the Supreme Court of Florida affirming a judgment and sentence of death (90 days after the opinion becomes final), or (b) upon the disposition of the petition for writ of certiorari by the United States Supreme Court, if filed.
(2) All petitions for extraordinary relief in which the Supreme Court of Florida has original jurisdiction, including petitions for *1272 writ of habeas corpus, shall be filed simultaneously with the initial brief filed on behalf of the death-sentenced prisoner in the appeal of the circuit court's order on the rule 3.850 motion.
(3) The time limitation in subdivision (b)(1) is established with the understanding that each death-penalty prisoner will have counsel assigned and available to begin addressing the prisoner's postconviction issues within 30 days after the judgment and sentence become final. Should the governor sign a death warrant before the expiration of the time limitation in subdivision (b)(1), this Court will, upon a defendant's request, grant a stay of execution to allow any postconviction relief motions to proceed in a timely and orderly manner. Further, this time limitation shall not preclude the right to amend or to supplement pending pleadings pursuant to these rules.
(4) An extension of time may be granted by the Supreme Court of Florida for the filing of postconviction pleadings if the prisoner's counsel makes a showing of good cause for counsel's inability to file the postconviction pleadings within the one-year period established by this section.
(5) The provisions of rule 3.850, to the extent they are not inconsistent with this rule, remain applicable to postconviction or collateral relief.
(6) The Court will review the operation and effectiveness of this rule on or before July 1, 1995. This rule will govern the cases of all death-sentenced individuals whose convictions and sentences become final after January 1, 1994.
(c) Hearing Requirement. Prior to ruling on any rule 3.850 motion filed by a prisoner who has been sentenced to death, the trial court shall conduct a hearing to determine whether an evidentiary hearing is required. This rule shall apply only to rule 3.850 motions that have not been ruled on as of January 1, 1997.

Court Commentary
1993 Adoption. This rule is consistent with the recommendation of the Supreme Court Committee on Postconviction Relief in Capital Cases, which was created because of the substantial delays in the death penalty postconviction relief process. The committee was created because of the inability of the capital collateral representative to properly represent all death penalty inmates in postconviction relief cases and because of the resulting substantial delays in those cases. That committee recognized that, to make the process work properly, each death row prisoner should have counsel available to represent him or her in postconviction relief proceedings. The committee found that one of the major problems with the process was that the triggering mechanism to start or assure movement of the postconviction relief proceedings was the signing of a death warrant. In a number of instances, the courts were not aware of problems concerning representation of a defendant until a death warrant was signed. In other instances, the committee found that, when postconviction relief motions had been filed, they clearly had not moved at an orderly pace and the signing of a death warrant was being used as a means to expedite the process. The committee recommended that specific named counsel should be designated to represent each prisoner not later than 30 days after the defendant's judgment and sentence of death becomes final. To assure that representation, the committee's report noted that it was essential that there be adequate funding of the capital collateral representative and sought temporary assistance from The Florida Bar in providing pro bono representation for some inmates.
There is a justification for the reduction of the time period for a capital prisoner as distinguished from a noncapital prisoner, who has two years to file a postconviction relief proceeding. A capital prisoner will have counsel immediately available to represent him or her in a postconviction relief proceeding, while counsel is not provided or constitutionally required for noncapital defendants to whom the two-year period applies.
*1273 In the event the capital collateral representative is not fully funded and available to provide proper representation for all death penalty defendants, the reduction in the time period would not be justified and would necessarily have to be repealed, and this Court will forthwith entertain a petition for the repeal of the rule. In this context, it is important to emphasize that the governor agrees that absent the circumstance where a competent death-sentenced individual voluntarily requests that a death warrant be signed, no death warrants will be issued during the initial round of federal and state review, provided that counsel for death penalty defendants is proceeding in a timely and diligent manner. This Court agrees that the initial round of postconviction proceedings should proceed in a deliberate but timely manner without the pressure of a pending death warrant. Subdivision 3.851(b)(4) above addresses concerns of The Florida Bar and The Florida Bar Foundation.
The provisions of the present rule 3.851 providing for time periods where a 60-day warrant is signed by the governor are abolished because they are unnecessary if the guidelines are followed. The proceedings and grounds for postconviction relief remain as provided under Florida Rule of Criminal Procedure 3.850, which include, as one of the grounds, the opportunity for a defendant to present newly discovered evidence in accordance with Scott v. Dugger, 604 So.2d 465 (Fla.1992), Jones v. State, 591 So.2d 911 (Fla. 1991), and Richardson v. State, 546 So.2d 1037 (Fla.1989).
1996 Amendment. Subdivision (c) is added to make the Court's decision in Huff v. State, 622 So.2d 982 (Fla.1993), applicable to all rule 3.850 motions filed by a prisoner who has been sentenced to death. Florida Rule of Judicial Administration 2.071(b) allows for telephonic and teleconferencing communication equipment to be utilized "for a motion hearing, pretrial conference, or a status conference." Teleconferencing sites have been established by the Department of Management Services, Division of Communications at various metropolitan locations in the state. The "Shevin Study" examined, at this Court's request, the issue of delays in capital postconviction relief proceedings and noted that travel problems of counsel cause part of those delays. The Court strongly encourages the use of the new telephonic and teleconferencing technology for postconviction relief proceedings that do not require evidentiary hearings, such as the hearing required under subdivision (c) of this rule. Only the attorneys need be involved in a hearing held under subdivision (c) of this rule; attendance of the postconviction defendant is not required.

RULE 3.986. FORMS RELATED TO JUDGMENT AND SENTENCE.
(a) Sufficiency of Forms. The forms as set forth below, or computer generated formats that duplicate these forms, shall be used by all courts. Variations from these forms do not void a judgment, sentence, order, or fingerprints that are otherwise sufficient.
 (b) Form for Judgment.
______ Probation Violator
______ Community Control Violator
______ Retrial
______ Resentence
 In the Circuit Court,
 ____ Judicial Circuit,
 in and for _____
 County, Florida
 Division ______
 Case Number ______
*1274
State of Florida
v.
_____________________
Defendant
 JUDGMENT
 The defendant, ______________, being personally before this court represented by
__________, the attorney of record, and the state represented by _________, and having
 ______ been tried and found guilty by jury/by court of the following crime(s)
 ______ entered a plea of guilty to the following crime(s)
 ______ entered a plea of nolo contendere to the following crime(s)
 Offense Degree
Count Crime Statute Of Case OBTS
 Numbers(s) Crime Number Number
_____ _____ __________ ______ ______ ______
_____ _____ __________ ______ ______ ______
_____ _____ __________ ______ ______ ______
_____ _____ __________ ______ ______ ______
_____ _____ __________ ______ ______ ______
 _____ and no cause being shown why the defendant should not be adjudicated guilty, IT
 IS ORDERED THAT the defendant is hereby ADJUDICATED GUILTY of the
 above crime(s).
 _____ and pursuant to section 943.325, Florida Statutes, having been convicted or found
 guilty of, or having entered a plea of nolo contendere or guilty, regardless of
 adjudication, to attempts or offenses relating to sexual battery (ch. 794) or, lewd
 and lascivious conduct (ch. 800), or murder (s. 782.04), aggravated battery (s.
 784.045), carjacking (s. 812.133), or home invasion robbery (s. 812.135), or any
 other offense specified in section 943.325, the defendant shall be required to
 submit blood specimens.
 _____ and good cause being shown; IT IS ORDERED THAT ADJUDICATION OF
 GUILT BE WITHHELD.
 DONE AND ORDERED in open court in _____________________ County, Florida, this ______
day of ____________, 19____.
 _______________________________________________________________________________
 Judge
*1275
State of Florida
v.
_____________________________
Defendant Case Number__________
 FINGERPRINTS OF DEFENDANT
R. Thumb R. Index R. Middle R. Ring R. Little
L. Thumb L. Index L. Middle L. Ring L. Little
Fingerprints taken by: ______________________________________________________________
 Name Title
 I HEREBY CERTIFY that the above and foregoing fingerprints on this judgment are the
fingerprints of the defendant, __________, and that they were placed thereon by the
defendant in my presence in open court this date.
 ____________________________
 Judge
NOTES
[1] Letter from Robert L. Shevin "Re: Study of the Capital Collateral Representative" to Chief Justice Stephen H. Grimes (Feb. 26, 1996) (on file with the Supreme Court of Florida in No. 87,688).
[2] This amendment supersedes Coney v. State, 653 So.2d 1009 (Fla.1995).